

# FILED

FEB 1 1 2008 *aew*
Feb 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**EXHIBITS and no copies**

08CV939
JUDGE GOTTSCHALL
MAGISTRATE JUDGE COX

To Clerk-of-Court

INclosed-are-All-Court
PROCeeding-IN-The
Cook-County-Circuit
Court-for-the-Judge
From-Fed-27th-2004
UNTiL-Fed-4th-2005

THANK-you-much
This-is-for-The
Judge-of-Court

1    STATE OF ILLINOIS    )
                          )  SS:
2    COUNTY OF C O O K    )

3

4    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT-CRIMINAL DIVISION

5

6
     THE PEOPLE OF THE           )
7    STATE OF ILLINOIS           )
                                 )
8         vs.                    )    No. 04-CR-5900
                                 )
9    DWAYNE GRIFFIN              )

10

11

12

13                    REPORT OF PROCEEDINGS at the

14   hearing of the above-entitled cause, before the

15   Honorable JOSEPH M. CLAPS, on the 19th day of

16   March 2004.

17

18

19

20

21

22   Annette M. Golab, CSR
     Official Court Reporter
23   CSR No. 084-001693
     2650 South California Avenue
24   Chicago, Illinois 60608

1                                  <u>INDEX</u>

2

      Date of Hearing:March 19, 2004
3

      Page Numbers:   A-1 to A-4
4

5                               <u>PROCEEDINGS</u>

6

7                                                       <u>PAGE</u>

8

9     Assignment                              A-3

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE COURT:   Dwayne Griffin, Judge Sullivan 3/26.

2

3              (The above cause was continued to

4              9:00 a.m., March 26, 2004.)

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1    STATE OF ILLINOIS   )
                          ) SS:
 2    COUNTY OF C O O K   )

 3

 4

 5                  I, ANNETTE M. GOLAB, an Official Court

 6    Reporter in the Circuit Court of Cook County, County

 7    Department, Criminal Division, do hereby certify

 8    that I reported in shorthand the proceedings had at

 9    the hearing of the aforementioned cause; that I

10    thereafter caused the foregoing to be transcribed,

11    which I hereby certify to be a true and accurate

12    transcript of the proceedings had before the

13    Honorable JOSEPH M. CLAPS, Judge of said Court.

14

15

16

17

18

19                                 Official Court Reporter

20

21    Dated this 23rd day
      of May 2005.
22

23

24
```

A-4

1  STATE OF ILLINOIS    )
                         )  SS.
2  COUNTY OF C O O K    )

3

      IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4    COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT

5

   THE PEOPLE OF THE        )
6  STATE OF ILLINOIS,       )
                            )
7              Plaintiff,   )
                            )
8       vs.                 )  No. 04 CR 5900
                            )
9  DWAYNE GRIFFIN,          )
                            )
10             Defendant.   )

11

12        REPORT OF PROCEEDINGS on the hearing
   had before the HONORABLE SHELLEY SUTKER-DERMER
13 on the 26th day of March, 2004, in Skokie,
   Illinois.

14

15 **APPEARANCES**:

16    HON. RICHARD A. DEVINE,
            State's Attorney of Cook County, by
17    MS. ANJANA HANSEN,
            Assistant State's Attorney,
18          appeared for the People;

19    HON. EDWIN A. BURNETTE,
            Public Defender of Cook County, by
20    MS. ANN BURAN,
            Assistant Public Defender,
21          appeared for the Defendant.

22 Krista Flynn Burgeson, CSR
   Official Court Reporter
23 5600 Old Orchard Road, #204
   Skokie, Illinois  60077
24 License No. 084-003162

B-1

1
2                    I  N  D  E  X
3
4
5    CASE:  People vs. Dwayne Griffin
6    NUMBER:  04 CR 5900
7    DATE:  March 26, 2004
8
9
10
11
12
13
14
15   PROCEEDINGS
16
17   PAGES:   B-1   through   B-5
18
19
20
21
22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No. 084-003162

1          THE CLERK:  Dwayne Griffin, Sheet Number

2     2.

3                     Dwayne Griffin?

4          THE SHERIFF:  Not in custody.

5          THE COURT:  No response.

6                     I am tendering a copy of the

7     preliminary hearing to the Assistant State's

8     Attorney.

9                     Apparently he is out on bond.

10    Well, I am not sure if he is out on bond.  Why

11    do you say that?  Do you say that because --

12         THE CLERK:  He is not --

13         THE COURT:  Bond was $150,000 D.

14         THE CLERK:  All I am saying is he is not in

15    custody and --

16         THE COURT:  Custody check.

17                    $115,000?  I don't think he

18    posted it.  Let's check.

19                    Pass it.

20                    ( Whereupon, the above-mentioned

21                      case was passed and was later

22                      recalled as follows: )

23         THE CLERK:  Recalling Dwayne Griffin.

24                    The defendant is in custody.

B-3

1      THE COURT:  State, can you writ him in?

2      MS. HANSEN:  Yes.

3      THE COURT:  If there is a Mitt for today

4  you can bring him in.  You can write a --

5  correct?  If he is not brought in by the jail

6  you can write a Mitt and bring him in.

7      THE CLERK:  Yes.

8      THE COURT:  Let me just make sure there is

9  something indicated that he is supposed to be

10  here today.  Okay.

11              So, you can issue a Mitt, or a

12  corrected Mitt?

13      THE CLERK:  Yes.

14      THE COURT:  Corrected Mitt to issue.

15              Can we get him Monday?  Is she

16  back on Monday?

17      MS. HANSEN:  Yes.

18      THE COURT:  Monday, March 29th.  Order of

19  Court.

20                  ( Which were the proceedings

21                    had in the above-entitled

22                    cause, and the matter was

23                    continued to March 29th,

24                    2005. )

**B-4**

1    STATE OF ILLINOIS    )
                          )    SS.
2    COUNTY OF C O O K    )

3

4    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
5

6                    I, KRISTA FLYNN BURGESON,

7    Official Court Reporter of the Circuit Court

8    of Cook County, County Department - Second

9    Municipal District, do hereby certify that I

10   reported in shorthand the proceedings had of

11   the hearing in the aforementioned cause; that

12   I thereafter caused the foregoing to be

13   transcribed into typewriting, which I hereby

14   certify to be a true and accurate transcript

15   of the Report of Proceedings had before the

16   HONORABLE SHELLEY SUTKER-DERMER, Judge of said

17   Court.

18

19   _____
     Krista Flynn Burgeson, CSR
20   Official Court Reporter
     5600 Old Orchard Road, #204
21   Skokie, Illinois  60077
     License No. 084-003162
22

23

24   Dated this 20th day of May, 2005.


                        B-5

STATE OF ILLINOIS    )
                     )  SS.
COUNTY OF C O O K    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - CRIMINAL DIVISION
SECOND DISTRICT

THE PEOPLE OF THE         )
STATE OF ILLINOIS        )        Case No. 04 CR 5900
                         )
        versus           )
                         )
DWAYNE GRIFFIN           )

***REPORT OF PROCEEDINGS***

BE IT REMEMBERED that the

above-entitled cause came on for status before

the Honorable SHARON SULLIVAN, Judge of said

Court, on the 29th day of March, 2004.

APPEARANCES:
    HON. RICHARD DEVINE,
        State's Attorney of Cook County, by:
    MS. STEPHANIE CALLAS,
        Assistant State's Attorney,
            on behalf of the People:

MARGO DEPHILLIPS
Official Court Reporter
5600 Old Orchard Road, Room 204
Skokie, IL  60077

1    C

1                          I N D E X

2

3   DATE OF HEARING:       March 29, 2004

4

5   PAGES:                 4

6

7   People of the State of Il. Vs Dwayne Griffin

8

9   Case No. 04 CR 5900

10

11  CONTINUANCE                PAGE 3C                    .

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK:  Dwayne Griffin, 04 CR 5900.

2     This was up on March 26th.  Someone found it. He

3     was in DuPage County.

4          MS. CALLAS:  Judge, Sutker-Dermer had the

5     clerk issue a corrected mitt, because they had a

6     mitt for him, but his body wasn't here.

7     Actually, Jerry was the clerk at the time.

8     Sutker-Dermer asked us to do a corrected mitt.

9     Then she said if he didn't show up today to writ

10    him in from DuPage.

11         THE COURT:  He apparently is in DuPage.  You

12    need to either --

13         MS. CALLAS:  Writ him in.

14         THE COURT:  DuPage or Cook County.

15                   (Which were all the proceedings

16         had in the above-entitled cause.)

17

18

19

20

21

22

23

24

```
 1   STATE OF ILLINOIS )

 2   COUNTY OF COOK     )

 3

 4            I, MARGO DEPHILLIPS, a Certified

 5   Shorthand Reporter of the Circuit Court of Cook

 6   County, Illinois, Department-County Division, do

 7   hereby certify that I reported the proceedings

 8   had in the above-entitled cause, that I

 9   thereafter proceeded to transcribe the foregoing

10   transcript, which I hereby certify is a true and

11   correct Report of Proceedings.

12

13

14

15

16                              MARGO DEPHILLIPS
                                Court Reporter of the
17                              Circuit Court of Cook
                                County, County Department.
18

19

20

21

22

23

24
```

4     C

1    STATE OF ILLINOIS  )
                       )  SS.
2    COUNTY OF C O O K  )

3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
4

5    THE PEOPLE OF THE                )
     STATE OF ILLINOIS,               )
6                                     )
                       Plaintiff,     )
7                                     )
              vs.                     ) No. 04 CR 05900
8                                     )
     DWAYNE GRIFFIN,                  )
9                                     )
                       Defendant.     )
10

11           REPORT OF PROCEEDINGS on the hearing had
     before the HONORABLE SHARON M. SULLIVAN on the 30th
12   day of March, 2004, in Skokie, Illinois.

13

14       APPEARANCES:

15           HON. RICHARD A. DEVINE,
                 State's Attorney of Cook County, by
16           MS. ANJANA HANSEN,
                 Assistant State's Attorney,
17              appeared for the People;

18           HON. EDWIN A. BURNETTE,
                 Public Defender of Cook County, by
19           MS. ANN BURAN,
                 Assistant Public Defender,
20              appeared for the Defendant.

21

22   Krista Marie Flynn, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No.  084-003162

1

1

2                          I   N   D   E   X

3

4

5      PEOPLE vs. DWAYNE GRIFFIN
       Case No.:  04 CR 05900
6      Date:  March 30, 2004

7

8

9

10     PROCEEDINGS

11     Pages:  1  through  22

12

13

14

15

16

17

18

19

20

21

22
       Krista Marie Flynn, CSR
23     Official Court Reporter
       5600 Old Orchard Road, #204
24     Skokie, Illinois  60077
       License No.  084-003162

                                    2

1       THE CLERK:  Dwayne Griffin, custody.

2       THE SHERIFF:  Coming out.

3       THE DEFENDANT:  Yes, Judge.

4       THE COURT:  Do you have an attorney?

5       THE DEFENDANT:  I am proceeding pro se.  I

6    don't want a Public Defender to represent me.  I am

7    proceeding pro se.

8       THE COURT:  You obviously know what it means,

9    but let me talk to you for a minute.

10      THE DEFENDANT:  Yes, Ma'am.

11      THE COURT:  Think for a minute.  You are

12   charged with the offense of burglary.

13      THE DEFENDANT:  Yes, Ma'am.

14      THE COURT:  And this offense is a Class 2

15   felony.  If you are found guilty of this offense

16   you could be sentenced to the penitentiary --

17      THE DEFENDANT:  Yes, Ma'am.

18      THE COURT:  -- ( Continuing ) -- for a period

19   of three and up to seven years.

20      THE DEFENDANT:  Yes, Ma'am.

21      THE COURT:  Hold on with the yes Ma'am's for

22   one second.

23              Any background that would make this

24   extendable or a Class X?

3

1          MS. HANSEN:  This is a Class X sentencing,

2     Judge.

3          THE COURT:  Because of background?

4          MS. HANSEN:  Yes.

5          THE COURT:  Because of your background, prior

6     convictions, you could be sentenced to the

7     penitentiary for six to 30 years.

8          THE DEFENDANT:  Yes, Ma'am.

9          THE COURT:  Plus three years of mandatory

10    supervised release.

11         THE DEFENDANT:  Yes, Ma'am.

12         THE COURT:  If you cannot afford an attorney,

13    the Court can appoint an attorney.  You are

14    entitled to have one appointed to represent you.

15              Do you understand that?

16         THE DEFENDANT:  Yes, Ma'am.

17         THE COURT:  Have you ever been treated for any

18    psychological problems?

19         THE DEFENDANT:  No, Ma'am.

20         THE COURT:  Are you taking any medications?

21         THE DEFENDANT:  No, Ma'am.

22         THE COURT:  You understand that a lawyer who

23    would be appointed to represent you is someone who

24    has gone through law school, taken the bar exam,

4

1    and is familiar with practicing in these

2    courtrooms?

3        THE DEFENDANT:  Yes, Ma'am.

4        THE COURT:  You understand that if you

5    represent yourself that you would not have the

6    assistance of a lawyer but still held to follow the

7    Rules of Procedure and the Rules of Evidence?

8        THE DEFENDANT:  Yes, Ma'am.

9        THE COURT:  You understand that let's say you

10   wanted to try to get something into evidence and

11   there was a way to do it but you didn't know how

12   to do it you might not be able to get it into

13   evidence?

14       THE DEFENDANT:  Yes, Ma'am.

15       THE COURT:  You understand an attorney could

16   also discuss the case with the State and see if

17   there were any offers or any negotiating that could

18   be done on your behalf in terms of resolving the

19   case?

20       THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

21       THE COURT:  And understanding all of these

22   things you wish to represent yourself?

23       THE DEFENDANT:  Yes, Ma'am.

24       THE COURT:  All right.

5

1              Then I will tender to you, sir, a copy

2    of the information, which is the charge that -- it

3    charges you with the offense of burglary from on or

4    about February 21, 2002.  It alleges that you

5    committed this offense.  And that you, without

6    authority, knowingly entered into a building, to

7    wit Blockbuster Video, 1303 North Milwaukee Avenue,

8    Chicago, Cook County, Illinois, with the intent to

9    commit the offense of theft therein.

10             Do you understand that is the charge

11   that is brought here today?

12        THE DEFENDANT:  Yes, Ma'am.

13        THE COURT:  And do you acknowledge a copy of

14   that information?

15        THE DEFENDANT:  Yes, Ma'am.

16        THE COURT:  Okay.

17             This time what type of plea are you

18   entering?

19        THE DEFENDANT:  Not guilty.

20        THE COURT:  Okay.

21        MS. HANSEN:  Judge, I am tendering to the

22   defendant a copy of the State's motion which is --

23   which consists of two pages, our answer which is

24   two pages, an arrest report which consists of five

6

1    pages, a case report which consists of two pages,

2    the defendant's criminal history, as well as two

3    supplemental reports which are two pages each.

4              I am tendering that now to the

5    defendant.

6        THE COURT:  Do you have a copy of what you just

7    tendered?

8        MS. HANSEN:  In my file, yes.

9        THE COURT:  Okay.

10             Mr. Griffin, do you acknowledge that

11   the State has just tendered that to you?

12       THE DEFENDANT:  Yes, Ma'am.

13       THE COURT:  Are you asking for any type of

14   receipt to be signed?

15       MS. HANSEN:  Yes, Judge.

16             There is a receipt at the top.  I

17   would just ask the defendant to sign on the bottom

18   to acknowledge that he received the discovery that

19   I have already stated.

20       THE COURT:  Okay, sir.

21       THE DEFENDANT:  Yes.

22       MS. HANSEN:  Thank you.

23       THE COURT:  The State will get a copy of the

24   preliminary hearing transcript for you on the --

7

1              Here is a copy actually.

2         MS. HANSEN:  Tendering a copy of the

3    preliminary hearing then as well, Judge.

4         THE COURT:  Okay.

5              And Mr. Griffin, I take it you are

6    seeking a date to look at all the materials that

7    have been tendered to you?

8         THE DEFENDANT:  I am ready for trial, your

9    Honor.

10        THE COURT:  You are ready for trial?

11        THE DEFENDANT:  I am demanding trial.

12        THE COURT:  You are ready to go to trial?

13        THE DEFENDANT:  Ready to go to trial.

14        THE COURT:  Which kind would you indicate, Jury

15   trial or bench trial?

16        THE DEFENDANT:  Jury trial.

17        MS. HANSEN:  Can we pass this so I can check on

18   what our term is from today's date?

19              Also, it is a burglary.  We will have

20   to get a hold of a victim to come in.

21        THE COURT:  Let's pass it to see what type of

22   trial date we can get.

23        THE DEFENDANT:  Okay.

24        THE COURT:  Pass.

8

1                              ( Whereupon, the above-mentioned

2                                case was passed and was then

3                                recalled as follows: )

4          THE CLERK:  Dwayne Griffin.  Dwayne Griffin,

5     recalled.

6          THE SHERIFF:  Coming out.

7          THE COURT:  You are Mr. Dwayne Griffin?

8          THE DEFENDANT:  Yes, Ma'am.

9          THE COURT:  Mr. Griffin, how old are you, sir?

10         THE DEFENDANT:  42.

11         THE COURT:  And how far did you go in school,

12    sir?

13         THE DEFENDANT:  Four years of college.

14         THE COURT:  Did you graduate college?

15         THE DEFENDANT:  Yes, Ma'am.

16         THE COURT:  What year did you graduate college?

17         THE DEFENDANT:  In '85.

18         THE COURT:  What was your degree in?

19         THE DEFENDANT:  Small industry services and

20    carpentry.

21         THE COURT:  Did you take any post-college

22    courses?

23         THE DEFENDANT:  Post college?  What do you

24    mean?

9

1        THE COURT:  Any advanced degrees?

2        THE DEFENDANT:  Advanced as to what?

3        THE COURT:  Did you go to law school, sir?

4        THE DEFENDANT:  No, Ma'am.

5        THE COURT:  Did you take any legal courses?

6        THE DEFENDANT:  Paralegal.

7        THE COURT:  You took paralegal courses?

8        THE DEFENDANT:  Yes, Ma'am.

9        THE COURT:  Which ones did you take?

10        THE DEFENDANT:  Just a little course of going

11   through days of setting up things for the lawyers

12   and stuff like that.  It wasn't really about a

13   certificate or anything.  Just you go through it,

14   the procedures of a trial, how you set up trials

15   and stuff like that, evidence, stuff like that.

16        THE COURT:  And where did you take that class

17   at?

18        THE DEFENDANT:  At the school around the house,

19   around my house.

20        THE COURT:  Where is that?

21        THE DEFENDANT:  In Chicago.

22        THE COURT:  Do you remember the name of that

23   school?

24        THE DEFENDANT:  It is Orr.

10

1          THE COURT:  Pardon me?

2          THE DEFENDANT:  Orr, O-r-r.

3          THE COURT:  Okay.

4          THE DEFENDANT:  And your Honor, I want to ask

5     you something.  This is important.

6          THE COURT:  Yes.

7          THE DEFENDANT:  After I was reviewing the

8     discovery, right, there are things missing out of

9     there such as a police report and --

10         THE COURT:  We will get to that in just a

11    minute.

12              I am asking you certain questions to

13    make sure that if you represent yourself --

14         THE DEFENDANT:  Yes, Ma'am.

15         THE COURT:  ( Continuing ) -- that you know

16    what you are doing and that you are making a

17    knowing decision not to have an attorney

18    representing you.

19         THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

20         THE COURT:  Have you ever been involved in any

21    other kind of legal proceedings.

22         THE DEFENDANT:  I represented myself in the

23    Supreme Court.

24         THE COURT:  When did you do that, sir?

11

1          THE DEFENDANT:  Back in '98.

2          THE COURT:  Any other legal proceedings you

3     were in?

4          THE DEFENDANT:  I represented myself in 2001.

5          THE COURT:  Where was that?

6          THE DEFENDANT:  At the Appellate Court.

7          THE COURT:  Okay.

8          THE DEFENDANT:  I am still in the Supreme Court

9     right now.

10         THE COURT:  All right.

11              Let me just read you a -- read to you

12     a couple things that a learned professor wrote

13     about if someone is going to represent themselves,

14     and you may know this, but I will read it.

15         THE DEFENDANT:  A fool as a client?

16         THE COURT:  Have you heard that one before?

17         THE DEFENDANT:  Yes, yes.

18         THE COURT:  An attorney who represents himself

19     has a fool as a client?

20         THE DEFENDANT:  Yes, Ma'am.

21         THE COURT:  This is different.

22         THE DEFENDANT:  Okay.

23         THE COURT:  It says, Professor LeFave in

24     Israel said that the trial court should inform a

12

1    defendant of the following:  That presenting a

2    defense is not a simple matter of telling one's

3    story but requires adherence to various technical

4    rules governing the conduct of a trial; a lawyer

5    has substantial experience and training in trial

6    procedure and the prosecution will be represented

7    by an experienced attorney; a person unfamiliar

8    with legal procedures may allow the past prosecutor

9    an advantage by failing to make objections to

10   inadmissible evidence, may not make effective usage

11   of such rights as the voir dire of jurors, and may

12   make tactical decisions that produce unintended

13   consequences; the defendant proceeding pro se will

14   not be allowed to complain on appeal about the

15   competency of his representation.

16              Do you understand these things?

17        THE DEFENDANT:  Yes, Ma'am.

18        THE COURT:  Do you understand the effectiveness

19   of your defense may well be diminished by your dual

20   role as an attorney and an accused, and that you

21   will receive no special consideration from the

22   Court?

23              Do you understand that?

24        THE DEFENDANT:  Yes, Ma'am.

13

1          THE COURT:  Do you understand you will receive

2    no extra time for preparation or greater library

3    time, and that a lawyer can render important

4    assistance by determining the existence of a

5    possible defense to the charge against you, charges

6    against you, through consultation with the

7    prosecutor regarding possible reduced charges or

8    lesser penalties, and in the event of a conviction

9    by presenting to the Court matters which might lead

10   to a lesser sentence?

11          Do you understand these are some of

12   the things a lawyer can do?

13      THE DEFENDANT:  Yes, Ma'am.

14      THE COURT:  In the event the Court accepts your

15   decision to represent yourself you will not be

16   given an opportunity to change your mind during the

17   trial.

18          Do you understand that?

19      THE DEFENDANT:  Yes, Ma'am.

20      THE COURT:  So if we are in the middle of a

21   Jury trial and you say, Oh, Judge, I want a lawyer,

22   you will not --

23      THE DEFENDANT:  No, Ma'am.  I won't say that.

24   No, Ma'am.

14

1                I have got to do what Jesus says.  I

2     am ready.  I am ready.  I have got the attorney of

3     attorneys.  Can't nobody beat Jesus.

4          THE COURT:  Also, sir, I will not appoint a

5     standby counsel to inform you at any stage during

6     the trial.

7          THE DEFENDANT:  Yes, Ma'am.

8          THE COURT:  There will not be a standby

9     counsel.

10          THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

11          THE COURT:  Understanding all of these things

12     do you still wish to represent yourself?

13          THE DEFENDANT:  I am ready.

14          THE COURT:  Is that correct?

15          THE DEFENDANT:  I am ready.

16                Yes, Ma'am.

17          THE COURT:  Okay.

18          THE DEFENDANT:  One other thing, your Honor.

19                I need --

20          THE COURT:  I am going to order --

21                I will set the case down for trial

22     now.

23                You had some discovery issues first,

24     Mr. Griffin?

15

1          THE DEFENDANT:  Yes, Ma'am.

2          THE COURT:  What is that?

3          THE DEFENDANT:  The police report.

4          THE COURT:  Which report?

5          THE DEFENDANT:  The police report.  It is not

6     in the paperwork that they gave me.  I need the

7     arrest report when the police arrested me.

8          THE SHERIFF:  It is here ( indicating ).

9          THE DEFENDANT:  I saw the preliminary hearing

10    and the 911.  I know a police report, and this is

11    not it.

12      MS. HANSEN:  The police report tendered to the

13    defendant is the new police reports that some of

14    the districts are using on the Christ System.

15    There are certain police departments that use a

16    Christ System.  It is not like the original arrest

17    reports that the defendant may be familiar with.

18    But it was tendered.

19         THE COURT:  Okay.

20         THE DEFENDANT:  Your Honor, I seen the police

21    report at the preliminary hearing.  I am not dumb

22    or stupid.  I know a police report.  This is not

23    the one they use on the streets.  I need the one I

24    saw at the preliminary hearings that the officers

16

1    use at the 14th District when they arrested me.

2                    Also, the 911 transcripts, I seen it

3    all at the preliminary hearing.

4        THE COURT:  Have you requested them?

5        THE DEFENDANT:  I am requesting it.  Everything

6    was there at the preliminary hearing.  I had seen

7    it.

8        THE COURT:  The State has tendered discovery.

9                    Now, if you want certain additional

10   items you are free to prepare a subpoena to request

11   those items or --

12       THE DEFENDANT:  That is part of discovery.

13       THE COURT:  You prepare the discovery motion

14   asking for those additional items.  Prepare a

15   subpoena to get those items and I will set down a

16   court date for you and you present the subpoena to

17   the Court and I will determine if it is --

18       THE DEFENDANT:  I am motioning it to you.

19                    Judge, I need the police report, and

20   if not, I will just do it to the Appellate Court.

21       THE COURT:  They just said they tendered to you

22   the police report.

23       THE DEFENDANT:  This is not it ( indicating ).

24   This is not the one that they use on the streets.

17

1    I am not dumb or stupid.  I may seem like it, but I

2    am not.  I am very smart.

3        THE SHERIFF:  Don't point at the Judge.

4        THE DEFENDANT:  This is not the one that the

5    police filled out when they arrested me.  I was

6    right there when they filled it out.  It was also

7    at the preliminary hearing.  I looked at it.  The

8    Public Defender showed it to me.  And the 911

9    transcripts, I looked at them at that time right

10   there.

11       THE COURT:  You want the 911 transcripts?

12       THE DEFENDANT:  And the original police report

13   because this is not it.

14       MS. HANSEN:  There is a case report that is

15   included in his discovery, Judge, it is a

16   handwritten report by the police officer.

17       THE COURT:  I am going to set a date down --

18   what I will do is set a status date.

19       THE SHERIFF:  Here ( indicating ).

20       THE COURT:  Ms. Revas, don't assist him.  He is

21   representing himself.  You are not his attorney.

22   Do not go through the documents with him.

23            Okay?

24       THE SHERIFF:  Okay.

18

1      THE COURT:  I appreciate you trying to be of

2   assistance, but he wants to represent himself.

3      THE SHERIFF:  Okay.

4      THE COURT:  State, notify the arresting

5   officers to be here on the next court date and to

6   bring with them any arrest reports that they may

7   have.

8      THE DEFENDANT:  Yes, yes.

9      THE COURT:  You also wanted 911 tapes?

10     THE DEFENDANT:  Yes, transcripts.

11     THE COURT:  What do you want, sir?

12     THE DEFENDANT:  From February the 20th, that is

13   a Friday.

14     THE COURT:  You have to put that request in

15   writing, sir.

16     THE DEFENDANT:  It was in the preliminary

17   hearing already.

18     THE COURT:  If there is something that you

19   want that you do not have you must put it in

20   writing.  You must follow the rules in terms of

21   obtaining it.

22              If you prepare a motion for discovery

23   properly, or you prepare a subpoena properly, I

24   will address it.  I will set a date down for the

1    officers to be brought in with the arrest report,

2    and I will set that same date for you to put in

3    writing exactly what you want by way of motion

4    and/or subpoena.

5              Do you understand?

6         THE DEFENDANT:  Yes, Ma'am.

7              But your Honor, it was already in

8    there.  Why should I have to file a motion?  I

9    already seen it at the preliminary hearing.

10   Somebody took it out.

11        THE COURT:  I am not your attorney.  If there

12   is something you want then --

13        THE DEFENDANT:  I am letting you know it was

14   already in there and now I don't see it.

15        THE COURT:  That is meaningless what you are

16   saying.

17              You must follow the rules of discovery

18   in order to obtain those, and that is what I will

19   give you an opportunity to do.

20              So, let's set a date down.

21        MS. HANSEN:  Okay.

22        THE COURT:  How about April 21st?  I will set

23   it down for April 21st to obtain these additional

24   documents.

1            You prepare any motions for discovery

2    or subpoenas you would like for that day.

3        THE DEFENDANT:  They are supposed to be here.

4    I am ready for trial.  I will appeal it to the

5    Appellate Court.  I saw the preliminary hearing

6    already.

7        THE COURT:  Also, a forensic clinical

8    evaluation will be ordered for that same day of

9    April 21st by agreement.

10            I will ask the Public Defender as a

11    Friend of the Court to fill out the packet.

12        MS. BURAN:  I will, I will.

13        THE COURT:  Thank you.

14                        ( Which were the proceedings

15                          had in the above-entitled

16                          cause, and the matter was

17                          continued to April 21st,

18                          2004. )

19

20

21

22

23

24

21

1    STATE OF ILLINOIS    )
                          )  SS.
2    COUNTY OF C O O K    )

3        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
4

5                        I, Krista Marie Flynn, Official

6    Court Reporter of the Circuit Court of Cook County,

7    County Department - Second Municipal District,

8    do hereby certify that I reported in shorthand

9    the proceedings had of the hearing in the

10   aforementioned cause; that I thereafter caused

11   the foregoing to be transcribed into typewriting,

12   which I hereby certify to be a true and accurate

13   transcript of the Report of Proceedings had before

14   the HONORABLE SHARON M. SULLIVAN, Judge of said

15   Court.

16

17

18   _____
     Krista Marie Flynn, CSR
19   Official Court Reporter
     5600 Old Orchard Road, #204
20   Skokie, Illinois  60077
     License No. 084-003162
21

22

23   Dated this 20th day of April, 2004.

24

                            22

```
1    STATE OF ILLINOIS   )
                         )  SS.
2    COUNTY OF C O O K   )

3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
      COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
4

5    THE PEOPLE OF THE           )
     STATE OF ILLINOIS,          )
6                                )
                     Plaintiff,  )
7                                )
              vs.                )  No. 04 CR 5900
8                                )
     DWAYNE GRIFFIN,             )
9                                )
                     Defendant.  )
10

11            REPORT OF PROCEEDINGS on the
     hearing had before the HONORABLE SHARON M.
12   SULLIVAN on the 30th day of March, 2004,

13   in Skokie, Illinois.

14

15      APPEARANCES:

16          HON. RICHARD A. DEVINE,
            State's Attorney of Cook County, by
17          MS. ANJANA HANSEN,
               Assistant State's Attorney,
18             appeared for the People;

19          HON. EDWIN A. BURNETTE,
            Public Defender of Cook County, by
20          MS. ANN BURAN,
               Assistant Public Defender,
21             appeared for the Defendant.

22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No.  084-003162
```

D-1

1

2                          I  N  D  E  X

3

4

5    PEOPLE vs. DWAYNE GRIFFIN
     Case No.:  04 CR 5900
6    Date:  March 30, 2004

7

8

9

10   PROCEEDINGS

11   Pages:    D-1   through   D-23

12

13

14

15

16

17

18

19

20

21

22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No.  084-003162

D-2

1          THE CLERK:  Dwayne Griffin, custody.

2          THE SHERIFF:  Coming out.

3          THE DEFENDANT:  Yes, Judge.

4          THE COURT:  Do you have an attorney?

5          THE DEFENDANT:  I am proceeding pro se.  I

6    don't want a Public Defender to represent me.

7    I am proceeding pro se.

8          THE COURT:  You obviously know what it

9    means, but let me talk to you for a minute.

10         THE DEFENDANT:  Yes, Ma'am.

11         THE COURT:  Think for a minute.  You are

12    charged with the offense of burglary.

13         THE DEFENDANT:  Yes, Ma'am.

14         THE COURT:  And this offense is a Class 2

15    felony.  If you are found guilty of this

16    offense you could be sentenced to the

17    penitentiary --

18         THE DEFENDANT:  Yes, Ma'am.

19         THE COURT:  -- ( Continuing ) -- for a

20    period of three and up to seven years.

21         THE DEFENDANT:  Yes, Ma'am.

22         THE COURT:  Hold on with the yes Ma'am's

23    for one second.

24                    Any background that would make

**D-3**

1   this extendable or a Class X?

2        MS. HANSEN:  This is a Class X sentencing,

3   Judge.

4        THE COURT:  Because of background?

5        MS. HANSEN:  Yes.

6        THE COURT:  Because of your background,

7   prior convictions, you could be sentenced to

8   the penitentiary for six to 30 years.

9        THE DEFENDANT:  Yes, Ma'am.

10        THE COURT:  Plus three years of mandatory

11   supervised release.

12        THE DEFENDANT:  Yes, Ma'am.

13        THE COURT:  If you cannot afford an

14   attorney, the Court can appoint an attorney.

15   You are entitled to have one appointed to

16   represent you.

17              Do you understand that?

18        THE DEFENDANT:  Yes, Ma'am.

19        THE COURT:  Have you ever been treated for

20   any psychological problems?

21        THE DEFENDANT:  No, Ma'am.

22        THE COURT:  Are you taking any medications?

23        THE DEFENDANT:  No, Ma'am.

24        THE COURT:  You understand that a lawyer

1   who would be appointed to represent you is

2   someone who has gone through law school, taken

3   the bar exam, and is familiar with practicing

4   in these courtrooms?

5        THE DEFENDANT:  Yes, Ma'am.

6        THE COURT:  You understand that if you

7   represent yourself that you would not have the

8   assistance of a lawyer but still held to follow

9   the Rules of Procedure and the Rules of

10  Evidence?

11       THE DEFENDANT:  Yes, Ma'am.

12       THE COURT:  You understand that let's say

13  you wanted to try to get something into

14  evidence and there was a way to do it but you

15  didn't know how  to do it you might not be able

16  to get it into evidence?

17       THE DEFENDANT:  Yes, Ma'am.

18       THE COURT:  You understand an attorney

19  could also discuss the case with the State and

20  see if there were any offers or any negotiating

21  that could be done on your behalf in terms of

22  resolving the case?

23       THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

24       THE COURT:  And understanding all of these

D-5

1    things you wish to represent yourself?

2        THE DEFENDANT:  Yes, Ma'am.

3        THE COURT:  All right.

4            Then I will tender to you, sir, a

5    copy of the information, which is the charge

6    that -- it charges you with the offense of

7    burglary from on or about February 21, 2002.

8    It alleges that you committed this offense.

9    And that you, without authority, knowingly

10   entered into a building, to wit Blockbuster

11   Video, 1303 North Milwaukee Avenue, Chicago,

12   Cook County, Illinois, with the intent to

13   commit the offense of theft therein.

14           Do you understand that is the

15   charge that is brought here today?

16       THE DEFENDANT:  Yes, Ma'am.

17       THE COURT:  And do you acknowledge a copy

18   of that information?

19       THE DEFENDANT:  Yes, Ma'am.

20       THE COURT:  Okay.

21           This time what type of plea are

22   you entering?

23       THE DEFENDANT:  Not guilty.

24       THE COURT:  Okay.

D-6

1        MS. HANSEN:  Judge, I am tendering to the

2    defendant a copy of the State's motion which is

3    -- which consists of two pages, our answer

4    which is two pages, an arrest report which

5    consists of five pages, a case report which

6    consists of two pages, the defendant's criminal

7    history, as well as two supplemental reports

8    which are two pages each.

9              I am tendering that now to the

10    defendant.

11        THE COURT:  Do you have a copy of what you

12    just tendered?

13        MS. HANSEN:  In my file, yes.

14        THE COURT:  Okay.

15              Mr. Griffin, do you acknowledge

16    that the State has just tendered that to you?

17        THE DEFENDANT:  Yes, Ma'am.

18        THE COURT:  Are you asking for any type of

19    receipt to be signed?

20        MS. HANSEN:  Yes, Judge.

21              There is a receipt at the top.  I

22    would just ask the defendant to sign on the

23    bottom to acknowledge that he received the

24    discovery that I have already stated.

1        THE COURT:  Okay, sir.

2        THE DEFENDANT:  Yes.

3        MS. HANSEN:  Thank you.

4        THE COURT:  The State will get a copy of

5    the preliminary hearing transcript for you on

6    the --

7                Here is a copy actually.

8        MS. HANSEN:  Tendering a copy of the

9    preliminary hearing then as well, Judge.

10       THE COURT:  Okay.

11               And Mr. Griffin, I take it you

12   are seeking a date to look at all the materials

13   that have been tendered to you?

14       THE DEFENDANT:  I am ready for trial, your

15   Honor.

16       THE COURT:  You are ready for trial?

17       THE DEFENDANT:  I am demanding trial.

18       THE COURT:  You are ready to go to trial?

19       THE DEFENDANT:  Ready to go to trial.

20       THE COURT:  Which kind would you indicate,

21   Jury trial or bench trial?

22       THE DEFENDANT:  Jury trial.

23       MS. HANSEN:  Can we pass this so I can

24   check on what our term is from today's date?

1                      Also, it is a burglary.  We will

2    have to get a hold of a victim to come in.

3          THE COURT:  Let's pass it to see what type

4    of trial date we can get.

5          THE DEFENDANT:  Okay.

6          THE COURT:  Pass.

7                      ( Whereupon, the above-mentioned

8                        case was passed and was then

9                        recalled as follows: )

10         THE CLERK:  Dwayne Griffin.  Dwayne

11   Griffin, recalled.

12         THE SHERIFF:  Coming out.

13         THE COURT:  You are Mr. Dwayne Griffin?

14         THE DEFENDANT:  Yes, Ma'am.

15         THE COURT:  Mr. Griffin, how old are you,

16   sir?

17         THE DEFENDANT:  42.

18         THE COURT:  And how far did you go in

19   school, sir?

20         THE DEFENDANT:  Four years of college.

21         THE COURT:  Did you graduate college?

22         THE DEFENDANT:  Yes, Ma'am.

23         THE COURT:  What year did you graduate

24   college?

1          THE DEFENDANT:  In '85.

2          THE COURT:  What was your degree in?

3          THE DEFENDANT:  Small industry services and

4     carpentry.

5          THE COURT:  Did you take any post-college

6     courses?

7          THE DEFENDANT:  Post college?  What do you

8     mean?

9          THE COURT:  Any advanced degrees?

10          THE DEFENDANT:  Advanced as to what?

11          THE COURT:  Did you go to law school, sir?

12          THE DEFENDANT:  No, Ma'am.

13          THE COURT:  Did you take any legal courses?

14          THE DEFENDANT:  Paralegal.

15          THE COURT:  You took paralegal courses?

16          THE DEFENDANT:  Yes, Ma'am.

17          THE COURT:  Which ones did you take?

18          THE DEFENDANT:  Just a little course of

19     going through days of setting up things for the

20     lawyers and stuff like that.  It wasn't really

21     about a certificate or anything.  Just you go

22     through it, the procedures of a trial, how you

23     set up trials and stuff like that, evidence,

24     stuff like that.

1          THE COURT:  And where did you take that

2     class at?

3          THE DEFENDANT:  At the school around the

4     house, around my house.

5          THE COURT:  Where is that?

6          THE DEFENDANT:  In Chicago.

7          THE COURT:  Do you remember the name of

8     that school?

9          THE DEFENDANT:  It is Orr.

10         THE COURT:  Pardon me?

11         THE DEFENDANT:  Orr, O-r-r.

12         THE COURT:  Okay.

13         THE DEFENDANT:  And your Honor, I want to

14    ask you something.  This is important.

15         THE COURT:  Yes.

16         THE DEFENDANT:  After I was reviewing the

17    discovery, right, there are things missing out

18    of there such as a police report and --

19         THE COURT:  We will get to that in just a

20    minute.

21              I am asking you certain questions

22    to make sure that if you represent yourself --

23         THE DEFENDANT:  Yes, Ma'am.

24         THE COURT:  ( Continuing ) -- that you know

1    what you are doing and that you are making a

2    knowing decision not to have an attorney

3    representing you.

4        THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

5        THE COURT:  Have you ever been involved in

6    any other kind of legal proceedings.

7        THE DEFENDANT:  I represented myself in the

8    Supreme Court.

9        THE COURT:  When did you do that, sir?

10        THE DEFENDANT:  Back in '98.

11        THE COURT:  Any other legal proceedings you

12    were in?

13        THE DEFENDANT:  I represented myself in

14    2001.

15        THE COURT:  Where was that?

16        THE DEFENDANT:  At the Appellate Court.

17        THE COURT:  Okay.

18        THE DEFENDANT:  I am still in the Supreme

19    Court right now.

20        THE COURT:  All right.

21            Let me just read you a -- read to

22    you a couple things that a learned professor

23    wrote about if someone is going to represent

24    themselves, and you may know this, but I will

1    read it.

2         THE DEFENDANT:  A fool as a client?

3         THE COURT:  Have you heard that one before?

4         THE DEFENDANT:  Yes, yes.

5         THE COURT:  An attorney who represents

6    himself has a fool as a client?

7         THE DEFENDANT:  Yes, Ma'am.

8         THE COURT:  This is different.

9         THE DEFENDANT:  Okay.

10        THE COURT:  It says, Professor LeFave in

11   Israel said that the trial court should inform

12   a defendant of the following:  That presenting

13   a defense is not a simple matter of telling

14   one's story but requires adherence to various

15   technical rules governing the conduct of a

16   trial; a lawyer has substantial experience and

17   training in trial procedure and the prosecution

18   will be represented by an experienced attorney;

19   a person unfamiliar with legal procedures may

20   allow the past prosecutor an advantage by

21   failing to make objections to inadmissible

22   evidence, may not make effective usage of such

23   rights as the voir dire of jurors, and may make

24   tactical decisions that produce unintended

1    consequences; the defendant proceeding pro se

2    will not be allowed to complain on appeal about

3    the competency of his representation.

4                    Do you understand these things?

5        THE DEFENDANT:  Yes, Ma'am.

6        THE COURT:  Do you understand the

7    effectiveness of your defense may well be

8    diminished by your dual role as an attorney and

9    an accused, and that you will receive no

10   special consideration from the Court?

11                   Do you understand that?

12       THE DEFENDANT:  Yes, Ma'am.

13       THE COURT:  Do you understand you will

14   receive no extra time for preparation or

15   greater library time, and that a lawyer can

16   render important assistance by determining the

17   existence of a possible defense to the charge

18   against you, charges against you, through

19   consultation with the prosecutor regarding

20   possible reduced charges or lesser penalties,

21   and in the event of a conviction by presenting

22   to the Court matters which might lead to a

23   lesser sentence?

24                   Do you understand these are some

D-14

1    of the things a lawyer can do?

2         THE DEFENDANT:  Yes, Ma'am.

3         THE COURT:  In the event the Court accepts

4    your decision to represent yourself you will

5    not be given an opportunity to change your mind

6    during the trial.

7              Do you understand that?

8         THE DEFENDANT:  Yes, Ma'am.

9         THE COURT:  So if we are in the middle of a

10    Jury trial and you say, Oh, Judge, I want a

11    lawyer, you will not --

12         THE DEFENDANT:  No, Ma'am.  I won't say

13    that.  No, Ma'am.

14              I have got to do what Jesus says.

15    I am ready.  I am ready.  I have got the

16    attorney of attorneys.  Can't nobody beat

17    Jesus.

18         THE COURT:  Also, sir, I will not appoint a

19    standby counsel to inform you at any stage

20    during the trial.

21         THE DEFENDANT:  Yes, Ma'am.

22         THE COURT:  There will not be a standby

23    counsel.

24         THE DEFENDANT:  Yes, Ma'am.  Yes, Ma'am.

D-15

1        THE COURT:  Understanding all of these

2    things do you still wish to represent yourself?

3        THE DEFENDANT:  I am ready.

4        THE COURT:  Is that correct?

5        THE DEFENDANT:  I am ready.

6                    Yes, Ma'am.

7        THE COURT:  Okay.

8        THE DEFENDANT:  One other thing, your

9    Honor.

10                    I need --

11        THE COURT:  I am going to order --

12                    I will set the case down for

13    trial now.

14                    You had some discovery issues

15    first, Mr. Griffin?

16        THE DEFENDANT:  Yes, Ma'am.

17        THE COURT:  What is that?

18        THE DEFENDANT:  The police report.

19        THE COURT:  Which report?

20        THE DEFENDANT:  The police report.  It is

21    not in the paperwork that they gave me.  I need

22    the arrest report when the police arrested me.

23        THE SHERIFF:  It is here ( indicating ).

24        THE DEFENDANT:  I saw the preliminary

D-16

1    hearing and the 911.  I know a police report,

2    and this is not it.

3        MS. HANSEN:  The police report tendered to

4    the defendant is the new police reports that

5    some of the districts are using on the Christ

6    System.  There are certain police departments

7    that use a Christ System.  It is not like the

8    original arrest reports that the defendant may

9    be familiar with.  But it was tendered.

10       THE COURT:  Okay.

11       THE DEFENDANT:  Your Honor, I seen the

12   police report at the preliminary hearing.  I am

13   not dumb or stupid.  I know a police report.

14   This is not the one they use on the streets.  I

15   need the one I saw at the preliminary hearings

16   that the officers use at the 14th District when

17   they arrested me.

18            Also, the 911 transcripts, I seen

19   it all at the preliminary hearing.

20       THE COURT:  Have you requested them?

21       THE DEFENDANT:  I am requesting it.

22   Everything was there at the preliminary

23   hearing.  I had seen it.

24       THE COURT:  The State has tendered

D-17

1    discovery.

2                    Now, if you want certain

3    additional items you are free to prepare a

4    subpoena to request those items or --

5        THE DEFENDANT:  That is part of discovery.

6        THE COURT:  You prepare the discovery

7    motion asking for those additional items.

8    Prepare a subpoena to get those items and I

9    will set down a court date for you and you

10   present the subpoena to the Court and I will

11   determine if it is --

12       THE DEFENDANT:  I am motioning it to you.

13                    Judge, I need the police report,

14   and if not, I will just do it to the Appellate

15   Court.

16       THE COURT:  They just said they tendered to

17   you the police report.

18       THE DEFENDANT:  This is not it

19   ( indicating ).  This is not the one that they

20   use on the streets.  I am not dumb or stupid.

21   I may seem like it, but I am not.  I am very

22   smart.

23       THE SHERIFF:  Don't point at the Judge.

24       THE DEFENDANT:  This is not the one that

1    the police filled out when they arrested me.  I

2    was right there when they filled it out.  It

3    was also at the preliminary hearing.  I looked

4    at it.  The Public Defender showed it to me.

5    And the 911 transcripts, I looked at them at

6    that time right there.

7        THE COURT:  You want the 911 transcripts?

8        THE DEFENDANT:  And the original police

9    report because this is not it.

10        MS. HANSEN:  There is a case report that is

11    included in his discovery, Judge, it is a

12    handwritten report by the police officer.

13        THE COURT:  I am going to set a date down

14    -- what I will do is set a status date.

15        THE SHERIFF:  Here ( indicating ).

16        THE COURT:  Ms. Revas, don't assist him.

17    He is representing himself.  You are not his

18    attorney.  Do not go through the documents with

19    him.

20                Okay?

21        THE SHERIFF:  Okay.

22        THE COURT:  I appreciate you trying to be

23    of assistance, but he wants to represent

24    himself.

1           THE SHERIFF:  Okay.

2           THE COURT:  State, notify the arresting

3     officers to be here on the next court date and

4     to bring with them any arrest reports that they

5     may have.

6           THE DEFENDANT:  Yes, yes.

7           THE COURT:  You also wanted 911 tapes?

8           THE DEFENDANT:  Yes, transcripts.

9           THE COURT:  What do you want, sir?

10          THE DEFENDANT:  From February the 20th,

11    that is a Friday.

12          THE COURT:  You have to put that request in

13    writing, sir.

14          THE DEFENDANT:  It was in the preliminary

15    hearing already.

16          THE COURT:  If there is something that you

17    want that you do not have you must put it in

18    writing.  You must follow the rules in terms of

19    obtaining it.

20               If you prepare a motion for

21    discovery properly, or you prepare a subpoena

22    properly, I will address it.  I will set a date

23    down for the officers to be brought in with the

24    arrest report, and I will set that same date

1  for you to put in writing exactly what you want

2  by way of motion and/or subpoena.

3          Do you understand?

4  THE DEFENDANT:  Yes, Ma'am.

5          But your Honor, it was already in

6  there.  Why should I have to file a motion?  I

7  already seen it at the preliminary hearing.

8  Somebody took it out.

9  THE COURT:  I am not your attorney.  If

10 there is something you want then --

11 THE DEFENDANT:  I am letting you know it

12 was already in there and now I don't see it.

13 THE COURT:  That is meaningless what you

14 are saying.

15          You must follow the rules of

16 discovery in order to obtain those, and that is

17 what I will give you an opportunity to do.

18          So, let's set a date down.

19 MS. HANSEN:  Okay.

20 THE COURT:  How about April 21st?  I will

21 set it down for April 21st to obtain these

22 additional documents.

23          You prepare any motions for

24 discovery or subpoenas you would like for that

1   day.

2        THE DEFENDANT:  They are supposed to be

3   here.  I am ready for trial.  I will appeal it

4   to the Appellate Court.  I saw the preliminary

5   hearing already.

6        THE COURT:  Also, a forensic clinical

7   evaluation will be ordered for that same day of

8   April 21st by agreement.

9                I will ask the Public Defender as

10  a Friend of the Court to fill out the packet.

11       MS. BURAN:  I will, I will.

12       THE COURT:  Thank you.

13                    ( Which were the proceedings

14                       had in the above-entitled

15                       cause, and the matter was

16                       continued to April 21st,

17                       2004. )

18

19

20

21

22

23

24

D-22

1   STATE OF ILLINOIS    )
                         )  SS.
2   COUNTY OF C O O K    )

3   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
    COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
4

5                        I, Krista Marie Flynn,

6   Official Court Reporter of the Circuit Court

7   of Cook County, County Department - Second

8   Municipal District, do hereby certify that I

9   reported in shorthand the proceedings had of

10  the hearing in the aforementioned cause;

11  that I thereafter caused the foregoing to be

12  transcribed into typewriting, which I hereby

13  certify to be a true and accurate transcript

14  of the Report of Proceedings had before the

15  HONORABLE SHARON M. SULLIVAN, Judge of said

16  Court.

17

18

19  _____

20       Krista Flynn Burgeson, CSR
         Official Court Reporter
         5600 Old Orchard Road, #204
21       Skokie, Illinois   60077
         License No. 084-003162
22

23

24  Dated this 20th day of May, 2005.


                    D-23

# I N D E X

Dwayne Griffin  Report of Proceedings on 4-21-04...................E1-E8

STATE OF ILLINOIS   )
                         ) ss:
COUNTY OF C O O K  )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT SECOND MUNICIPAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) 04 CR 5900 |
| DWAYNE GRIFFIN, | ) ) |
| Defendant. | ) ) |

REPORT OF PROCEEDINGS had at the hearing of the

above-entitled matter before the Honorable SHARON SULLIVAN,

one of the Judges of said Division, on the 21st day of April, A.D. 2004.


PRESENT:

                      HON. RICHARD DeVINE,
                      State's Attorney of Cook County, by
                      MS. ANJANA HANSEN,
                      Assistant State's Attorney,
                      Appearing on behalf of the People;

                      The Defendant Appearing Pro Se.


Reported by:
Marla Sloan
Official Court Reporter

E 2

1          THE CLERK:  Dwayne Griffin.  Custody.

2          THE COURT:  You are Dwayne Griffin?

3          THE DEFENDANT:  Yes, Ma'am.

4          THE COURT:  And I ordered a Forensic Clinical Evaluation on the

5    last court date, also a report indicating that the Defendant was

6    examined and that conclusion is he is fit to stand trial.

7                    Are there any outstanding discovery matters?

8          MS. HANSEN:  Yes, Judge.  In regards to the Chicago Police

9    Department records, I did subpoena the  detective's supplementary

10   record as well as progress reports.  The Clerk did hand me two pages of

11   the detective's supplemental record, supplementary report.

12                    We are in contact with the Chicago Police

13   Department and they will be able to fax up the GPR.

14         THE COURT:  You can make copies of that.  Those were returned

15   to the Court.  I just handed them to the State's Attorney, and we will

16   make a copy for Mr. Griffin of those reports.

17         MS. HANSEN:  Also the GPR's are faxed today in the Chief Judge's

18   Office.

19         THE COURT:  Make copies of these and give copies to him.  Does

20   that complete discovery?

21         MS. HANSEN:  It should.

22         THE COURT:  I know on the last court date we went through a

23   discussion of your representation.  You indicated you wanted to

24   represent yourself.  Is that right?

E 3

1        THE DEFENDANT:  Yes, Ma'am.

2        THE COURT:  You have had an opportunity to think about that

3    since the last court date, and do you still wish to represent yourself?

4        THE DEFENDANT:  Yes, Ma'am.  Your Honor, I would like to have

5    copies of your psych report you received.  Can I have a copy of that also?

6        THE COURT:  State, do you have a copy of that?

7        MS. HANSEN:  Yes.  I am tendering, or have tendered a copy of

8    that to the Defendant.

9        THE COURT:  Okay.  Mr. Griffin, do you anticipate filing any

10   motions in this case?

11       THE DEFENDANT:  Pardon me?

12       THE COURT:  Do you anticipate filing any motions on this case?

13       THE DEFENDANT:  The last time I was here I motioned for

14   discovery, and upon receiving the discovery there was no police report.

15   You told me to subpoena that police report.

16       THE COURT:  Did you subpoena that, sir?

17       THE DEFENDANT:  Well, I orally motioned for it.  It was supposed

18   to have been in the discovery.

19       THE COURT:  State, did you tender the arrest report?

20       MS. HANSEN:  I tendered - - I will tell you what.  I tendered the

21   arrest report, as well as a case report, as well as the Defendant's

22   criminal history on my motion for discovery, as well as my answer to

23   discovery.  It was actually a five page arrest report, two page case

24   report, as well as there were other supplementary reports that were

1   given to the Defendant, four pages in which he received on

2   March 30th. So, I don't know what arrest report or police report the

3   Defendant is talking about.

4   THE DEFENDANT: One that the Chicago Police uses on the street.

5   I reviewed it at the preliminary hearing. I don't know why they are

6   playing with the police report. It was supposed to have been in the

7   discovery.

8   THE COURT: You are going to have to file if there is some

9   additional discovery you want. You are going to have to pursue that

10   discovery either by way of subpoena.

11   The State indicated they tendered the arrest report.

12   I am not privy to this documentation. If there is an appropriate motion,

13   you can file that.

14   THE DEFENDANT: I guess I ain't going to have no trial. There

15   ain't no police reports.

16   THE COURT: State, do you have a copy of that document. Let me

17   pass it. We will get copies of the documents.

18   (Whereupon said proceedings were passed;

19   afterwhich the following proceedings were

20   had:)

21   THE CLERK: Dwayne Griffin.

22   THE COURT: Mr. Griffin, before the Court stated you made copies

23   of these reports. I am tendering to the Defendant a five page arrest

24   report, two pages of a case report, and seven pages of his criminal

E 5

1   history, one page inventory, one page processing report, and

2   supplementary report which is two pages long, one page complaint,

3   handwritten notes. I believe I detected four pages GPR . Defendant

4   signed that and dated it acknowledging his receipt of that discovery.

5          THE DEFENDANT: Your Honor, I already have that stuff.

6          THE COURT: There are some reports they received today that are

7   in here.

8          THE DEFENDANT: That's not the police that supposed to be in the

9   discovery. That's not it.

10         THE COURT: I don't know what it is you are seeking. The State

11  has indicated - -

12         THE DEFENDANT: The one the police uses on the streets. That's

13  not it.

14         THE COURT: They have changed the format of the reports they

15  use.

16         MS. HANSEN: That's correct.

17         THE COURT: Sir, what do you want to do with your case? Do you

18  want another status date to review these matters? Do you want a date

19  to prepare motions, subpoenas?

20         THE DEFENDANT: I am waiting on the police reports.

21         THE COURT: The State's position is they tendered it to you.

22         THE DEFENDANT: I guess we are not going to have no trial

23  without that police report. I will appeal to the Appellate Court.

1       THE COURT:  In terms of this case that's here today do you want a

2   date to review those matters and prepare subpoenas?

3       THE DEFENDANT:  Nope.

4       THE COURT:  Is the Defendant refusing to accept copies that I

5   have tendered to him?

6       THE DEFENDANT:  That's not the police report.

7       THE COURT:  Take those documents with you.

8       THE DEFENDANT:  I am not going to take those.  I don't want

9   those.  That's not the police report.  I am not dumb and stupid.  People

10  are playing with peoples' lives.

11      MS. HANSEN:  I'm taking back all - -

12      THE DEFENDANT:  It's not the police - -

13      MS. HANSEN:  I am taking it all back since he is refusing to take

14  discovery.

15      THE COURT:  All right.  Mr. Griffin, are you in a position to have

16  you case set down for trial?

17      THE DEFENDANT:  What trial without the police report?  Not

18  without a police report.  I need that police report.

19      THE COURT:  You have chosen to represent yourself.  You are free

20  to prepare any discovery or any subpoenas or motions that you think are

21  appropriate.  Sir, I am going to continue your case.  How's May 4th?

22      THE DEFENDANT:  Well, by then they should be able to find the

23  police report.

24      THE COURT:  I think the State has represented - -

1          THE DEFENDANT:  I already reviewed that at preliminary hearing.

2     I am not going to trial without the police report.

3          THE COURT:  Prepare whatever necessary documents you have.

4     By agreement to May 4th.  Let the record show that on Mr. Griffin's case

5     the State has attempted to hand discovery to him which was identified

6     and a  receipt, and Defendant looked through that and put it down, and

7     refused to sign it.  The State took it back.

8                          (Which were all the proceedings had in the

9                           above-entitle cause on said date.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

STATE OF ILLINOIS        )
                         ) SS.
COUNTY OF C O O K        )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMEMENT SECOND MUNICIPAL DISTRICT

I, MARLA SLOAN, an Official Court Reporter for the Circuit Court

of Cook County, Illinois, do hereby certify that I reported in shorthand the

proceedings had on the hearing in the above-entitled cause; that, I, thereafter

caused the foregoing to be transcribed into typewriting, which I hereby certify

to be a true and accurate transcript of the proceedings had in the above-entitled

cause.


**Marla Sloan**
**Official Court Reporter**
084-001749

```
1    STATE OF ILLINOIS   )
                         )  SS.
2    COUNTY OF C O O K   )

3
        IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4    COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT

5
     THE PEOPLE OF THE          )
6    STATE OF ILLINOIS,         )
                                )
7              Plaintiff,       )
                                )
8         vs.                   )  No. 04 CR 5900
                                )
9    DWAYNE GRIFFIN,            )
                                )
10             Defendant.       )

11

12        REPORT OF PROCEEDINGS on the hearing
     had before the HONORABLE SHARON M. SULLIVAN
13   on the 4th day of May, 2004, in Skokie,
     Illinois.
14

15   APPEARANCES:

16

17        HON. RICHARD A. DEVINE,
             State's Attorney of Cook County, by
18        MS. ANJANA HANSEN,
             Assistant State's Attorney,
19           appeared for the People;

20

21

22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No. 084-003162
```

1

2                    <u>I   N   D   E   X</u>

3

4

5   CASE:  People vs. Dwayne Griffin

6   NUMBER:  04 CR 5900

7   DATE:  May 4, 2004

8

9

10

11

12

13

14

15   <u>PROCEEDINGS</u>

16

17   PAGES:   F-1  through  F-16

18

19

20

21

22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No. 084-003162


                          **F-2**

1          THE CLERK:  Custody, Dwayne Griffin.

2          THE SHERIFF:  Coming out.

3          THE COURT:  You are Dwayne Griffin?

4          THE DEFENDANT:  Yes, Ma'am.

5          THE COURT:  You are representing yourself;

6   is that correct?

7          THE DEFENDANT:  Yes, Ma'am.

8          THE COURT:  There was a previously filed

9   fitness report saying that he is fit to

10  proceed.

11         MS. HANSEN:  That is correct.

12         THE COURT:  This was continued for a short

13  date because you believed that you were missing

14  some discovery.

15         THE DEFENDANT:  Yes, Ma'am.

16         THE COURT:  Are you --

17                 Have you prepared something since

18  the last court date?

19         THE DEFENDANT:  Yes, the motions to the

20  State.

21         MS. HANSEN:  Okay.

22         THE COURT:  I will have the clerk stamp

23  them.

24         THE DEFENDANT:  Okay.

F-3

1        MS. HANSEN:  Judge, acknowledging receipt

2    of a filed stamped copy and giving the

3    defendant two copies of his motion.

4        THE COURT:  This is a request for certain

5    information; is that correct?

6        THE DEFENDANT:  Yes, Ma'am.

7        THE COURT:  So, why don't I set it down for

8    a date for the State to review this and see if

9    they have any additional materials or see if

10   they have provided you with all the materials

11   that they have.

12            I believe you tendered discovery

13   the last time; is that correct, State?

14       MS. HANSEN:  Yes, Judge.

15            And in fact, on the last court

16   date we received detective supplementary

17   reports as well as general progress reports by

18   the detective, and at that time, the defendant

19   refused to take the copy, or sign the discovery

20   receipt acknowledging receipt of that.

21            In addition, Judge, back on March

22   30th, when the defendant was arraigned, we also

23   tendered him copies.  He should have gotten a

24   copy of the information, the charging

1    documents, at that time.

2              We also tendered him the arrest

3    report and general offense case report.

4              I believe we also gave him a

5    preliminary hearing transcript at that time,

6    Judge.

7        THE COURT:  Okay.

8        MS. HANSEN:  And those are some of the

9    things that he is asking for in regards to his

10    motion.

11        THE COURT:  Would you like the additional

12    supplemental reports that the State has?

13        THE DEFENDANT:  Well, your Honor, I asked

14    for the arrest reports, and I never received

15    them in the discovery.

16        THE COURT:  It is the State's position I

17    believe that you had those, that the arrest

18    reports were in there.

19        MS. HANSEN:  Yes, Judge.

20              On March 30th the defendant

21    signed a discovery receipt in which we

22    tendered two pages of our motion for discovery,

23    two pages of our answer to discovery, a five

24    page arrest report, a two page general offense

1    case report, his criminal history, as well as a

2    two page supplemental report from Officer or

3    Detective Watson, and a two page supplemental

4    report by an Officer or Detective Leahy.

5              Judge, I think the issue is

6    defendant has been stating all along that he

7    saw a report at the preliminary hearing that

8    the State hasn't tendered.

9              I tendered the defendant

10   everything that I have received from the

11   Chicago Police Department.

12             Again, on the last court date

13   we had some additional discovery for the

14   defendant, but he did not want to take that

15   discovery.

16   THE COURT:  Why don't you attempt to give

17   it to him again and identify it?

18   THE DEFENDANT:  Your Honor, can I say

19   something, please?

20   THE COURT:  Yes.

21   THE DEFENDANT:  I am not going to go to

22   trial without the arrest report from the

23   police.  I am not going to represent myself in

24   this courtroom or no courtroom without the

1    arrest report.

2        THE COURT:  Who prepared that arrest

3    report, sir, that you are asking for?

4        THE DEFENDANT:  The police.

5        THE COURT:  Do you know who the officers

6    are?

7        THE DEFENDANT:  Don't you all know?

8        THE COURT:  I don't have any reports.

9        THE DEFENDANT:  How did I get in your

10    custody, then?  Don't nobody have a report?

11    How did I get in your custody?

12        THE COURT:  State, you have the report?

13    That has been tendered to him?

14        MS. HANSEN:  Yes, Judge.

15                And we attempted to tender it

16    again to him on the last court date.

17        THE COURT:  Okay.

18        MS. HANSEN:  There is a five page report

19    and at the top it says, Chicago Police

20    Department Arrest Report.

21                Now, unless he is referring to

22    another report, these are the reports that I

23    have in my file that I have per subpoena to the

24    Chicago Police Department.

1                    In addition, what we were

2      attempting to give him on the last court date

3      was a one page inventory, a one page crime

4      scene report, a two page supplemental report

5      from Officer Combs, the complaint -- a one page

6      complaint, four pages of handwritten notes I

7      believe by the Chicago Police Department, as

8      well as the general progress reports, two

9      pages.

10          THE COURT:  Okay.

11                   Would you give those to him at

12     this time?

13          THE SHERIFF:  No paper clips.

14          MS. HANSEN:  Took them out.

15          THE DEFENDANT:  Your Honor, I got all of

16     that.

17          THE COURT:  Do you want those reports?

18          THE DEFENDANT:  No, Ma'am.

19          THE COURT:  The State is telling you that

20     there are some reports there that you did not

21     receive before, some supplemental reports and

22     general progress reports.

23          THE DEFENDANT:  I am not accepting that,

24     your Honor.

                          F-8

1    THE COURT:  Then that is your decision.

2    THE DEFENDANT:  I am not accepting that.

3    THE COURT:  The State will hold on to it

4    then.

5    If, at some later time, you want

6    those documents, and you have asked for those

7    in the documents you filed today, demand for

8    copy of charging documents, you specifically

9    ask in 6G for supplemental reports, and that is

10   what the State is attempting to give to you,

11   you are refusing to take that.

12   THE DEFENDANT:  I have all of that, your

13   Honor.

14   I need the Chicago Police Arrest

15   Report.

16   MS. HANSEN:  Judge, can I take a look at

17   that?

18   THE COURT:  Yes.

19   MS. HANSEN:  The arrest report I have is a

20   five page arrest report.  I have tendered that

21   to the --

22   THE COURT:  Show him the reports that are

23   in the file.

24   MS. HANSEN:  Yes, Judge.

1                    Again, Judge, in the Court file

2    is a document that is five pages long that is

3    entitled, Chicago Police Department Arrest

4    Report.  That is the arrest report that I

5    have.  That is the arrest report that I have

6    tendered to the defendant ( indicating ).

7        THE DEFENDANT:  Lord have mercy.  Wait to

8    the Appellate Court and Supreme Court hear

9    about this.

10        THE COURT:  Are you saying -- are you

11    thinking of the complaint?  Perhaps you are

12    thinking about the complaint filed.

13        THE DEFENDANT:  That is not it, your Honor.

14    She knows that is not it.

15                    Come on.

16        MS. HANSEN:  I don't know what the

17    defendant is talking about.  I was not at the

18    preliminary hearing.

19                    I am giving him a police report.

20        THE DEFENDANT:  Someone took it.  It is

21    missing.

22        THE COURT:  No one knows about it.

23        THE DEFENDANT:  The police report that --

24    an arrest report that the police use on the

1    street when they arrest someone.

2         THE COURT:  Who are the police officer?  I

3    will ask the State to have the police officers

4    appear in court.

5         THE DEFENDANT:  You said that the last time

6    I was here that they were supposed to appear

7    here.  You told me to file a motion to get this

8    report.

9         THE COURT:  And you filed that today.

10        THE DEFENDANT:  And they are still not

11   here.

12        THE COURT:  You filed your motion today.

13   State has --

14        THE DEFENDANT:  Oh, Lord have mercy.

15        THE COURT:  The State can --

16        MS. HANSEN:  Judge, Officer Prill,

17   P-r-i-l-l, Star Number 15774, as well as

18   Officer Blonstrand, B-l-o-n-s-t-r-a-n-d, Star

19   Number 15875.

20             Judge, I would be happy to

21   subpoena the officers in but I do need time to

22   do that.

23        THE COURT:  Okay.

24        THE DEFENDANT:  Excuse me, your Honor.

**F-11**

```
1                    Can I say something?
2        THE COURT:  Sure.
3        THE DEFENDANT:  This was supposed to have
4    been did three months ago.
5                    I reviewed this at the preliminary
6    hearing.  I reviewed this in front of Judge
7    Ridnicki at the preliminary hearing.  I
8    reviewed this here.
9                    Did it come up stolen?  Come on,
10   come on.  You know this is not right.
11       MS. HANSEN:  Did the defendant sit down
12   with a public defender or attorney when he
13   looked at the document?  Maybe if there was one
14   that he spoke with at the time of the prelim
15   that conducted a preliminary hearing on his
16   behalf, they know what document this is and we
17   can figure out what the defendant is talking
18   about.
19       THE COURT:  Did you have a Public Defender
20   at that time, sir?
21       MS. HANSEN:  Or did he represent himself?
22       THE DEFENDANT:  Yes, I did.
23       THE COURT:  Do you want a Public Defender
24   on this case?
```

1      THE DEFENDANT:  No, no.

2      THE COURT:  You have chosen to represent

3  yourself, and the State has indicated that they

4  have --

5      THE DEFENDANT:  Yes, yes.

6      THE COURT:  ( Continuing ) -- provided you

7  with all the information they can obtain.

8      THE DEFENDANT:  I am not going to trial

9  like that.

10      THE COURT:  I will ask the State, since you

11  still believe there some other documents out

12  there, to --

13      THE DEFENDANT:  I know there is.

14      THE COURT:  I will ask the State to notify

15  the two arresting officer to come into court

16  and we can ask them in open court if there are

17  any additional arrest reports.

18      THE DEFENDANT:  But your Honor, you told me

19  that it was supposed to have been here.

20      THE COURT:  I told you to file any motions

21  that you had.

22      THE DEFENDANT:  I filed the motions, but

23  they were supposed to get this arrest report,

24  your Honor.

**F-13**

1      THE COURT:  They have made attempts to get

2  it and they --

3      THE DEFENDANT:  So it came up stolen.

4      THE COURT:  Not stolen, sir.

5      THE DEFENDANT:  It came up stolen.

6            These are professional people?

7  Come on.

8      THE COURT:  They tendered to you what they

9  believe the police report is, a five page

10  document that they tendered to you before and

11  they are attempting to tender to you again

12  today.  Also additional reports which you

13  refuse to accept.

14            I am not sure exactly what it is

15  that you are thinking of, but in an attempt to

16  try to figure that out you can file any further

17  motions you want.

18      THE DEFENDANT:  Let me say this, please.

19            I have an old police arrest report

20  at my house.  The next time I come to court I

21  am going to show you what I am talking about.

22      THE COURT:  They have changed the format of

23  police reports, sir.  Do you understand that,

24  sir?

F-14

1      THE DEFENDANT:  When did they do this?

2      THE COURT:  I am not sure what the date

3   is, but there is a different form of arrest

4   report that is filed now.

5      THE DEFENDANT:  So they did this when I

6   went to preliminary hearing on February the

7   27th?  That is when they did it because I

8   reviewed it.

9      THE COURT:  All right, sir.

10            I am going to give the State a

11   date to do this, about two, three weeks to

12   subpoena the officers.

13      MS. HANSEN:  Yes, I would ask for at least

14   three weeks, please.

15      THE COURT:  How about June 1st?  By

16   agreement to June 1st.

17            Okay.  Thank you.

18      THE SHERIFF:  Let's go.  Right this way,

19   sir.

20                  ( Which were the proceedings

21                     had in the above-entitled

22                     cause, and the matter was

23                     continued to June 1st,

24                     2004. )

**F-15**

1    STATE OF ILLINOIS    )
                          )    SS.
2    COUNTY OF C O O K    )

3

4    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
5

6                    I, KRISTA FLYNN BURGESON,

7    Official Court Reporter of the Circuit Court

8    of Cook County, County Department - Second

9    Municipal District, do hereby certify that I

10   reported in shorthand the proceedings had of

11   the hearing in the aforementioned cause; that

12   I thereafter caused the foregoing to be

13   transcribed into typewriting, which I hereby

14   certify to be a true and accurate transcript

15   of the Report of Proceedings had before the

16   HONORABLE SHARON M. SULLIVAN, Judge of said

17   Court.

18

19                    _____
                      Krista Flynn Burgeson, CSR
20                    Official Court Reporter
                      5600 Old Orchard Road, #204
21                    Skokie, Illinois   60077
                      License No. 084-003162
22

23

24   Dated this 20th day of May, 2005.



                          **F-16**

1                                    INDEX

2       People vs. Dwayne Griffin
        04-CR-05900
3       June 1, 2004
        Pages G-1 through G-15
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1   STATE OF ILLINOIS )
    COUNTY OF COOK    )
2

3                IN THE CIRCUIT COURT OF COOK COUNTY
             COUNTY DEPARTMENT-SECOND MUNICIPAL DISTRICT
4

5   PEOPLE OF THE STATE OF ILLINOIS, )
                                     )
6                    Plaintiff,      )
                                     )
7   vs.                              )  04-CR-05900
                                     )
8   DWAYNE GRIFFIN,                  )
                                     )
9                    Defendant.      )

10

11          REPORT OF PROCEEDINGS had in the hearing
    of the above-entitled cause, had before the
12  Honorable SHARON SULLIVAN, had on June 1, 2004, in
    Skokie, Illinois.
13

14          PRESENT:

15          MR. MARSHALL LIBERT,
            Assistant State's Attorney,
16          appeared for the Plaintiff;

17          MR. DWAYNE GRIFFIN,
            Defendant, pro se.
18

19

20
    Janet Leahy
21  Official Court Reporter
    847-818-2590
22  CSR #084-001872

23

24

1          THE CLERK:  Dwayne Griffin.

2          THE COURT:  You're Dwayne Griffin?

3          DEFENDANT GRIFFIN:  Yes, ma'am.

4          THE COURT:  You previously indicated you wish

5     to represent yourself, is that right?

6          DEFENDANT GRIFFIN:  Yes, ma'am.

7          THE COURT:  And do you still wish to represent

8     yourself?

9          DEFENDANT GRIFFIN:  Yes, ma'am.

10         THE COURT:  What's the status of this case?

11         MR. LIBERT:  Judge, the defendant was

12    interested in some additional, like, handwritten

13    reports that he believed existed.  I spoke with

14    Officer Blomstrand on the phone on Friday who is

15    involved with this case, also his partner who is

16    present here in court today.  And they indicated

17    that there are no handwritten reports.

18              The reports the defendant has are all the

19    reports that are involved in this case.

20         THE COURT:  It's his partner that is present?

21         MR. LIBERT:  Yes.

22              State your name.

23         OFFICER PRILL:  Officer Prill, P-r-i-l-l.

24         THE COURT:  Mr. Griffin, you apparently have

1    all the reports that there are in the case, the

2    arrests reports.

3        DEFENDANT GRIFFIN:  No, ma'am.  I do not have

4    them.  I filed the motion on it, your Honor.  I'm

5    waiting on an answer from the State.

6        THE COURT:  What motion are you talking about,

7    sir?

8        DEFENDANT GRIFFIN:  The motion of charging

9    instruction.  I filed it on the 4th.

10        THE COURT:  Your demand for a copy of the

11    charging instrument?

12        DEFENDANT GRIFFIN:  Yes, ma'am.

13        THE COURT:  I'll have the clerk make a copy of

14    it.

15        Did you receive a copy of the charges?  I

16    thought this was originally tendered to you.  This

17    information is the charging document, sir.  Did you

18    get a copy of that on a previous court date?

19        DEFENDANT GRIFFIN:  Your Honor, yes, I have a

20    copy of that.

21        THE COURT:  So then you've received that, sir.

22        So the record is clear, I'm referring to a

23    copy of the information charging you with one count

24    of burglary that was tendered to you on the date you

G-3

1    were arraigned, correct?

2         DEFENDANT GRIFFIN:  Yes.

3         THE COURT:  State, you've tendered all

4    discovery?

5         MR. LIBERT:  I believe so.

6         THE COURT:  Okay.  And Mr. Griffin asked for

7    other things in his demand for a copy of the

8    charging instrument.  State, if you want to go

9    through that on page two, he asks for the felony

10   complaint, etcetera, Grand Jury indictment.  I

11   believe there's no Grand Jury indictment because

12   this is an information.

13        MR. LIBERT:  Actually what we're going to be

14   doing is tendering all the police reports.

15        THE COURT:  Do you want to address this on the

16   record?

17        MR. LIBERT:  Right.  I have a copy of that.

18   It's a demand for a copy of the charging

19   instrument.  And I believe he has a copy of the

20   charging instrument, which is an information.  The

21   felony complaint would be the information, unless

22   he's talking about the complaint from the municipal

23   file which is usually then superseded by a felony

24   complaint in the form of an information, but they

G-4

1    are usually the same.  Because there was a

2    preliminary hearing, there are no Grand Jury

3    minutes.  He has a copy of the arrest report.

4        I'm going to be tendering him reports

5    today which consist of five pages of arrest reports,

6    two pages of police reports, seven pages of his

7    Bureau of Identification criminal history, one-page

8    inventory report, a crime scene report, supplemental

9    reports in the form of two pages, a complaint for

10   prelim, the handwritten notes and GPR which are four

11   pages and two pages.  I will give them to the

12   defendant here.

13        And then this is a receipt showing that

14   you have got it.  So if you will sign it right here

15   and date it.

16        DEFENDANT GRIFFIN:  Your Honor, I'm not signing

17   for this.  This is not what I'm looking for.

18        THE COURT:  Sir --

19        DEFENDANT GRIFFIN:  That's not what I'm looking

20   for.

21        THE COURT:  Sir, the State is tendering you

22   those documents.

23        DEFENDANT GRIFFIN:  I'm not going to sign for

24   that.

G-5

1          THE COURT:  Sir, I'm ordering to you to take

2    those documents.

3          DEFENDANT GRIFFIN:  I'm not going to take

4    them.

5          THE COURT:  I'm ordering you to take the

6    documents.  You've told this Court you wish to

7    represent yourself.

8          DEFENDANT GRIFFIN:  I'm not accepting that.

9          THE COURT:  If you do not take the documents, I

10    I'm going to have you held in contempt of Court.

11          DEFENDANT GRIFFIN:  Hold me in contempt.   I'll

12    appeal it to the Appellate Court and the Supreme

13    Court.

14          THE COURT:  Do you wish to represent yourself?

15          DEFENDANT GRIFFIN:  Yes.

16          THE COURT:  Okay.  Then the State is tendering

17    you the documents on this case.

18          DEFENDANT GRIFFIN:  I'm not going to accept it.

19    Hold me in contempt of Court.

20          THE COURT:  All right, I'll hold you in

21    contempt of Court.

22          DEFENDANT GRIFFIN:  Hold me then.  I want the

23    one page --

24          THE COURT:  Sir, you told this Court you wish

G-6

1    to represent yourself.  The State has tried on --

2        DEFENDANT GRIFFIN:  You ran into the wrong

3    person, and you're trying to get away with this; but

4    you're not going to get away with it.  I want the

5    police report, the arrest report that they use on

6    the streets, the one that they had at the

7    preliminary hearing.  That's the one I want.

8        THE COURT:  I asked the State to bring the

9    officer into court.

10        Officer, come down here and raise your

11    right hand.

12        Have the officer sworn.  State can put on

13    the record that they've complied with what was

14    requested.

15        Miss Clerk, swear the witness in, please.

16                (Witness duly sworn.)

17            OFFICER PRILL,

18    called as a witness herein, having been first duly

19    sworn, was examined and testified as follows:

20            DIRECT EXAMINATION

21            BY MR. LIBERT:

22    Q    Officer, for the record, state your name

23    and spell your last name, indicating your star

24    number for the record.

1     A    Officer Prill, P-r-i-1-1, star 1577.

2     Q    What district are you assigned to?

3     A    At that time, the 14th District.

4     Q    In the 14th District, do you use or

5   generate a single page arrest report?

6     A    On computer, yes.

7     Q    How many pages -- I'm going to show you

8   what I'm marking as People's Exhibit No. 1 for

9   identification and ask you if you recognize that

10  report?

11    A    Yes.

12    Q    How many pages is that?

13    A    Four pages.

14    Q    And what does that report purport to be?

15    A    This is the arrest report we generate at

16  the station.

17    Q    And is that what is the actual arrest

18  report?

19    A    Yes.

20    Q    And who is that arrest report for?

21    A    It's for the defendant, Dwayne Griffin.

22    Q    It's not a single page handwritten report,

23  is that correct?

24    A    That's correct.

1        Q    Is it now the policy of the Chicago Police

2   Department not to use the single page handwritten

3   arrest report?

4        A    Certain districts are going to automated.

5        Q    And in your district?

6        A    We are automated.

7        Q    And were you automated at the time that

8   the defendant, Mr. Griffin, was arrested?

9        A    Yes.

10       MR. LIBERT:   I don't have any further

11   questions.

12       THE COURT:   Do you want to cross examine him?

13       DEFENDANT GRIFFIN:  Yes, please.

14                    CROSS EXAMINATION

15                    BY DEFENDANT GRIFFIN:

16       Q    Officer, could you do me a favor.  See

17   these papers here, look through those and pick the

18   one --

19       THE COURT:  What are you tendering?

20       DEFENDANT GRIFFIN:  The arrest reports you've

21   all given me.

22       Q    The one you used on the street, pick it

23   out.

24       A    We don't use arrest reports on the

G-9

1    streets.

2         Q    You don't?

3         A    No.  We do the arrest report in the

4    station.

5         Q    Oh, my God.   When did they start that?

6    The joke is on me.   When did they start that?

7         A    In our district?

8         Q    And you're under oath, sir.  Would

9    you -- wait until we get before a Federal Judge.

10        MR. LIBERT:  Judge, I object to that.   Ask it

11   be stricken.

12        THE COURT:  Mr. Griffin, do you have any other

13   questions for this witness?

14        DEFENDANT GRIFFIN:  I'm waiting for the arrest

15   report that they use on the streets.

16        THE COURT:  Let the record reflect that you

17   tendered the discovery that the State tendered to

18   you.

19        DEFENDANT GRIFFIN:  I'm not accepting that.

20        THE COURT:  And the witness just tendered back

21   to you.

22        DEFENDANT GRIFFIN:  I'm not signing for that.

23        MR. LIBERT:  I tendered discovery.  If you want

24   to take it --

1          DEFENDANT GRIFFIN:  I'm not going to accept

2     that.

3          MR. LIBERT:  I asked him to sign the receipt.

4     He refused to sign the receipt for the reports, the

5     reports that I enumerated before, which consisted of

6     the arrest report which is five pages and two pages

7     of handwritten police reports which would be the

8     general offense case report, and then whatever

9     supplementary reports, and the defendant's criminal

10    history, of course.  And he's refused to accept

11    those.

12         THE COURT:  Mr. Griffin, you have no other

13    questions of the officer who is present here?

14         DEFENDANT GRIFFIN:  No.  I just want that

15    arrest report that he used on the streets, your

16    Honor.  That's the one that was at preliminary

17    hearing.

18         THE COURT:  Did you have another copy of the

19    arrest report at preliminary hearing?

20         DEFENDANT GRIFFIN:  He did not attend the

21    preliminary --

22         THE COURT:  Who was at the preliminary hearing?

23         MR. LIBERT:  That would be the only arrest

24    report we would have.  The officer wasn't at the

G-11

1    preliminary --

2         DEFENDANT GRIFFIN:  The officer was not at

3    preliminary hearing.  There was no officer.  Ooops.

4         MR. LIBERT:  No, the witness to the offense.

5         DEFENDANT GRIFFIN:  No officer gave any

6    statements.

7         THE COURT:  It was a civilian witness?

8         MR. LIBERT:  Yes, a civilian.

9         THE COURT:  Okay.  And you know of no other

10   arrest report other than that which has been

11   tendered?

12        OFFICER PILLAR:  That's the only arrest

13   report.

14        THE COURT:  Thank you.  I appreciate you coming

15   in to court.

16            Mr. Griffin, we're ready to set this case

17   down for trial.  Do you anticipate filing any

18   motions of --

19        DEFENDANT GRIFFIN:  I'm not going to trial

20   without the arrest report.

21        THE COURT:  You're asking for something that

22   doesn't exist.

23        DEFENDANT GRIFFIN:  Well, get the Public

24   Defender.  The Public Defender can represent me.

G-12

1    Get the Public Defender.  I bet you the Public

2    Defender is not going to go to trial without that

3    arrest report.

4         THE COURT:  Mr. Griffin, we're going to do

5    things in an orderly fashion, sir.

6         DEFENDANT GRIFFIN:  Let's do it in an orderly

7    fashion.

8         THE COURT:  And if you keep talking back to the

9    Court, sir...

10            Do you want me to appoint the Public

11   Defender to represent you?

12        DEFENDANT GRIFFIN:  Nope.  I want the arrest

13   report.  I'm going pro se.

14        THE COURT:  There is no arrest report, sir,

15   other than what you've been tendered.

16        DEFENDANT GRIFFIN:  I'm not going to trial like

17   that.

18        THE COURT:  I'm going to hold the case over

19   until tomorrow.  We will bring you back tomorrow,

20   June 2nd.

21        DEFENDANT GRIFFIN:  Okay.

22        MR. LIBERT:  Motion defendant.

23        THE COURT:  Motion defendant, 6-2.

24

1                 (Whereupon, the above-entitled cause

2               was continued to June 2, 2004.)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

```
 1    STATE OF ILLINOIS    )

 2                         )  SS:

 3    COUNTY OF COOK       )

 4

 5

 6              IN THE CIRCUIT COURT OF COOK COUNTY,

 7         MUNICIPAL DEPARTMENT - SECOND MUNICIPAL DISTRICT

 8

 9              I, Janet Leahy, Official Court Reporter of

10    the Circuit Court of Cook County, Municipal

11    Department, Second Municipal District, do hereby

12    certify that I reported in shorthand the proceedings

13    had on the hearing in the aforementioned cause; that

14    I thereafter caused the foregoing to be transcribed

15    into typewriting, which I hereby certify to be a

16    true and accurate transcript of the report of

17    proceedings had.

18

19                        _____

20                        Janet Leahy

21                        Official Court Reporter

22

23

24
```

1                                    INDEX

2     People vs. Dwayne Griffin
      04-CR-05900
3     June 2, 2004
      Pages H-1 through H-9
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1    STATE OF ILLINOIS    )

2    COUNTY OF COOK       )

3

4              IN THE CIRCUIT COURT OF COOK COUNTY,

5        MUNICIPAL DEPARTMENT-SECOND MUNICIPAL DISTRICT

6

7    PEOPLE OF THE STATE          )
     OF ILLINOIS,                 )
8                                 )
                      Plaintiff,  )
9                                 )
     vs.                          )    04-CR-5900
10                                )
     DWAYNE GRIFFIN,              )
11                                )
                      Defendant.  )
12

13              REPORT OF PROCEEDINGS had in the
     above-entitled cause, had before the Honorable
14   SHARON SULLIVAN, Judge of said Court, had on the 2nd
     day of June, 2004, in Skokie, Illinois.
15

16        APPEARANCES:

17        MR. MARSHALL LIBERT,
          Assistant State's Attorney,
18        appeared for the People;

19        MS. ANN DURAN,
          MR. BRUCE MOSBAUCHER,
20        Assistant Public Defenders,
          appeared for Defendant Griffin.
21

22   Janet L. Leahy
     Official Court Reporter
23   847-818-2590
     CSR #084-001872
24

                      H-1

1          THE CLERK:  Dwayne Griffin.

2          THE COURT:  Okay.  For the record, you're

3    Dwayne Griffin?

4          DEFENDANT GRIFFIN:  Yes, ma'am.

5          THE COURT:  Mr. Griffin, yesterday the State

6    tried to give you the discovery in the case and you

7    refused to take it.  So let me ask the State to try

8    to tender discovery again today.

9          MR. LIBERT:  Judge, what we have for

10   Mr. Griffin is all the police reports that are

11   pertinent to his case which consists of an arrest

12   report that consists of five pages, two pages of

13   general offense case reports, defendant's criminal

14   history which consists of seven pages, one-page

15   inventory sheet, crime scene report that consists of

16   one page, two pages of supplemental reports,

17   one-page complaint for preliminary hearing, four

18   pages of handwritten notes, and two pages of what

19   are called general progress reports.

20              At this time, I'm going to attempt to

21   tender that to the defendant and ask if he would

22   acknowledge receipt.  I also have a handwritten

23   receipt for Mr. Griffin if he would acknowledge and

24   sign for it.

                         **H-2**

1          THE COURT:  Okay.  The record will reflect

2     Mr. Griffin is looking at these records at this

3     time.    Those are your copies of those records, sir,

4     since you are representing yourself.

5               Sir, do you anticipate filing any motions

6     on this case?

7          MR. LIBERT:    Judge, I want to find out if he

8     accepts --

9          DEFENDANT GRIFFIN:  No, I will not accept

10    this.   I'm looking for the arrest report.

11         MR. LIBERT:   Judge, could the record reflect

12    that again I have attempted to tender copies of all

13    discovery that's in the State's possession which

14    does consist of an arrest report, which is a

15    computer generated report, which is the way they do

16    it now, which consists of five pages.

17               And that the defendant, on the record,

18    Mr. Griffin, you're refusing to accept these?

19         DEFENDANT GRIFFIN:  Okay.  I'll appeal it to

20    the Appellate Court.

21         THE COURT:  Are you refusing to accept this?

22         DEFENDANT GRIFFIN:  Yes, I'm refusing to accept

23    it.   I want the arrest report.

24         THE COURT:  Mr. Griffin, just so you know we

H-3

1    went through yesterday --

2        DEFENDANT GRIFFIN:  All right.  Okay.  I'll

3    tell it to the Appellate Court.

4        THE COURT:  These are the records that the

5    State is producing.  They would be tendered to your

6    attorney.  You've chosen to represent yourself.

7    They are being tendered to you.  They are here for

8    you to receive.

9        DEFENDANT GRIFFIN:  I'm not accepting them.

10        THE COURT:  Okay.  Well, then that's your

11    decision.

12        DEFENDANT GRIFFIN:  Okay.  I'll appeal it to

13    the Appellate Court.

14        THE COURT:  That's fine.  You can do that at

15    the appropriate time.

16        DEFENDANT GRIFFIN:  Okay.

17        THE COURT:  Sir, do you anticipate filing any

18    other motions?

19        DEFENDANT GRIFFIN:  I'm ready -- I want the

20    police report.

21        THE COURT:  Sir --

22        DEFENDANT GRIFFIN:  That ain't hard to get, is

23    it?

24        THE COURT:  Sir, you have the police report.

H-4

1          DEFENDANT GRIFFIN:  Your Honor --

2          THE COURT:  There's -- I don't know if you've

3      been arrested before, sir, but in the old days they

4      used to do a handwritten police report.    In this

5      case, they did a computer generated police report.

6      And that's what was testified to yesterday by the

7      officer who was here who was sworn in open court.

8      That's what he testified to, sir.  You heard it.

9      You were present.    You were given an opportunity to

10     ask him questions.

11         DEFENDANT GRIFFIN:  Yeah.

12         THE COURT:  So that's the only report that

13     there is.  If you believe that there's something

14     else somewhere, you can certainly pursue that

15     through the appropriate discovery means.

16         DEFENDANT GRIFFIN:  Oh, boy, boy.  I'm ready to

17     appeal it to the Appellate Court.  I'm not going

18     pro se like this.  No.

19         THE COURT:  Then I'm going to pass it.

20         DEFENDANT GRIFFIN:  Give me a Public Defender.

21         THE COURT:  I'll have you talk to the Public

22     Defender.

23         DEFENDANT GRIFFIN:  Okay, yeah.    Let me see

24     the Public Defender represent me without the arrest

1    report.   Come on, Public Defender, represent me

2    without the arrest report.

3                          (Whereupon, the Court heard other

4                          matters and then recalled the

5                          above-entitled cause.)

6        THE CLERK:  Dwayne Griffin.

7        MS. BURAN:  Judge, I'm unclear if we're

8    representing him, so I would really ask that that be

9    clarified.

10       MR. MOSBACHER:  As an officer of the Court, I

11   think he should be BCX'd, very inappropriate,

12   giggling, laughing.  I just stepped up because my

13   office asked me.

14       MS. BURAN:  Judge, Ann Buran, Assistant Public

15   Defender, currently stepping up in front of the

16   Court on behalf of Mr. Griffin.  And at this time, I

17   would ask to be clarified if my office is officially

18   on this case.  I'm not sure from discussing it with

19   Mr. Griffin.

20       THE COURT:  Mr. Griffin, you asked me to

21   appoint the Public Defender, is that correct?

22       DEFENDANT GRIFFIN:  Yes.

23       THE COURT:  Okay.  I will appoint the Public

24   Defender.  Discovery is tendered to Miss Buran on

**H-6**

1  your behalf.

2      MS. BURAN:  Judge, is there a charging document

3  or a preliminary hearing?

4      THE COURT:  Yes.

5      MR. LIBERT:  Judge, for the record, the

6  discovery that I attempted to give to the defendant,

7  Mr. Griffin, I am now tendering to Miss Buran on the

8  defendant's behalf, consisting of all the documents

9  I previously enumerated.  And she has signed and

10  returned the discovery receipt.

11      MS. BURAN:  The only problem I now have, since

12  we're on the case, this is redacted.  So I'm going

13  to need something that is not redacted.

14      THE COURT:  The State will make another copy.

15      MS. BURAN:  Thank you.  Is there a preliminary

16  hearing on this?  Is there a copy?

17      MR. LIBERT:  Hold on.

18      THE COURT:  It's not in the file if there

19  was.   Do you have a copy?

20      MR. LIBERT:  I do, yes.

21      MS. BURAN:  Can you tell me the date it was

22  held?

23      MR. LIBERT:  It was held on February 27, 2004.

24      THE COURT:  Defendant was probably given the

**H-7**

1     other copy, so we'll make a copy for you.

2          MS. BURAN:  I can order it.

3          MR. LIBERT:  Judge Winicki.

4          THE COURT:  We will get another copy for you.

5          MS. BURAN:  Judge, also at this time, I'm going

6     to request a second referral and a BCX order.  And

7     I'm going to pull up the form and specifically

8     request that it be done by psychiatrist.

9          MR. LIBERT:  All that's redacted is addresses.

10              For purposes of Clinical Services, what

11    you have should be fine.  But I'll get you another

12    copy.

13         MS. BURAN:  Okay.  Fine, thank you.  And I

14    believe Clinical Services should have this, but I

15    will recopy it and put it in the file.

16              I would also ask for the date of July

17    14th.

18         THE COURT:  Okay.  July 14th, by agreement, BCX

19    will be reordered.

20              (Whereupon, the above-entitled cause was

21              continued to July 14, 2004.)

22

23

24

H-8

1    STATE OF ILLINOIS      )

2                           )  SS:

3    COUNTY OF COOK         )

4

5

6              IN THE CIRCUIT COURT OF COOK COUNTY,

7        MUNICIPAL DEPARTMENT - SECOND MUNICIPAL DISTRICT

8

9              I, Janet Leahy, Official Court Reporter of

10    the Circuit Court of Cook County, Municipal

11    Department, Second Municipal District, do hereby

12    certify that I reported in shorthand the proceedings

13    had on the hearing in the aforementioned cause; that

14    I thereafter caused the foregoing to be transcribed

15    into typewriting, which I hereby certify to be a

16    true and accurate transcript of the report of

17    proceedings had.

18

19                     _____

20                     Janet Leahy

21                     Official Court Reporter

22

23

24

H·9