File Date: _2-11-2008_____

Case No: _08cv 939_____

ATTACHMENT # _2_____

EXHIBIT  _____

TAB (DESCRIPTION)
Proceedings from 7/14/2004

STATE OF ILLINOIS      )
                       )   SS.
COUNTY OF C O O K      )

   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
        COUNTY DEPARTMENT - CRIMINAL DIVISION

THE PEOPLE OF THE              )
STATE OF ILLINOIS             )
                             )
     vs.                     ) No. 04CR5900
                             )
DWAYNE GRIFFIN,              )
                             )
          Defendant.        )

            STIPULATED FITNESS HEARING

            REPORT OF PROCEEDINGS had in the

hearing of the above-entitled cause, heard before

the Honorable SHARON SULLIVAN, Judge of said

court, on the 14th day of July, A.D., 2004.

APPEARANCES:

          HONORABLE RICHARD DEVINE,
          State's Attorney of Cook County, by:
          MR. RICHARD ALBANESE and
          MS. ANJANA HANSEN,
          Assistant State's Attorneys,
              appeared on behalf of the People;

          HONORABLE EDWIN A. BURNETTE,
          Public Defender of Cook County, by:
          MS. ANN DYKES,
          Assistant Public Defender,
              appeared on behalf of the Defendant.


Pamela A. Signorella
Official Court Reporter
License No. 084-002361
Skokie, Illinois  60077

1

2                    I    N    D    E    X

3    People v. Dwayne Griffin
     Case No. 04 CR 5900

4
     DATE OF HEARING: July 14, 2004

5    Pages I-1 through I-8

6    Stipulated Fitness Hearing

7    Court Reporter, Pamela A. Signorella

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK:  Custody, Dwayne Griffin.

2          THE SHERIFF:  Can we pass Griffin for

3      a few minutes?

4          THE CLERK:  Pass Griffin.

5              (The Court heard other matters;

6              thereafter, the following

7              proceedings were had:)

8          THE CLERK:  Custody, Dwayne Griffin.

9          MS. DYKES:  For the record, Assistant

10     Public Defender Ann Dykes on behalf of Dwayne

11     Griffin.

12             Judge, I am in receipt of a

13     report from Forensic Clinical Services.

14             We are ready for a stipulated

15     fitness hearing.

16         THE COURT:  You may proceed.

17         MS. DYKES:  Your Honor, if called to

18     testify, Dr. Nishad, N-i-s-h-a-d, Nadkarni,

19     N-a-d-k-a-r-n-i, would testify that the doctor

20     is a Staff Psychiatrist at Forensic Clinical

21     Services; that the doctor had an opportunity to

22     interview Mr. Griffin on June 30th for the

23     purpose of rendering an opinion with regard to

24     fitness to stand trial.  That based on the

I-3

1   review of the medical records and a clinical

2   interview with Mr. Griffin, that the doctor

3   would render an opinion that Mr. Griffin is

4   currently fit to stand trial; that Mr. Griffin

5   understands the charge against him, comprehends

6   the courtroom proceedings and understands the

7   roles of the various courtroom personnel; that

8   he is able to assist with Counsel in his defense

9   should he choose to do so.  He is currently

10   taking no psychotropic medications.  And that

11   would be the extent of the doctor's testimony.

12         DEFENDANT GRIFFIN:  Amen.

13           Your Honor, can I have a copy of

14   that second --

15         THE COURT:  Hold on, sir.

16           State, do you stipulate to that

17   report?

18         MS. HANSEN:  So stipulated, Judge.

19         MS. DYKES:  We have no further

20   evidence, Judge.

21         THE COURT:  Do you have any concerns

22   regarding fitness?

23         MS. DYKES:  Yes, I do, Judge, but I'm

24   not a doctor.  So if Forensic Clinical Services

1   appears to think that this gentleman who is

2   standing here is fit for trial, we will

3   proceed.

4           THE COURT:  State, do you have

5   anything further?

6           MS. HANSEN:  No, Judge.

7           THE COURT:  The Court accepts the

8   stipulated testimony as to what the --  the

9   stipulation as to what the testimony of Dr.

10  Nadkarni would be.  And based upon that report,

11  I accept his findings and enter a finding of

12  fitness at this time.

13          MS. DYKES:  Your Honor, we were

14  appointed on June 2nd of this year and the issue

15  of fitness was raised immediately.  Now that,

16  that has been resolved, I'm going to need a

17  continuance for the purpose of visiting the

18  crime scene and interviewing the eyewitness.

19          Also, Judge, there is a report

20  from the Chicago Police Department indicating

21  that the crime scene was processed for prints,

22  and we are looking to see if the State has

23  received any follow-up as to those prints.  And

24  if we could have that report on the next court

1    date, if it exists, we would appreciate it.

2                Based on that, I'm not in a

3    position to file my Answer to Discovery.  We are

4    not yet ready to set the case down for trial.

5                THE COURT:  Okay.

6                So you are seeking a date.  How

7    about August 24th?

8                MS. DYKES:  That's fine, Judge.

9                That's by agreement as to the

10   defendant 8/24, for status and not for trial.

11               THE COURT:  By agreement to August

12   24th.

13               DEFENDANT GRIFFIN:  Your Honor, can I

14   get my copy of the second psychiatric report,

15   please, for my records?

16               MS. DYKES:  That's up to you, Judge.

17   I would not tender it --

18               DEFENDANT GRIFFIN:  I got the first

19   one.

20               THE COURT:  Let me ask you this.

21               I will give you a copy.

22               Have you ever been treated by a

23   psychiatrist?

24               DEFENDANT GRIFFIN:  No, ma'am.

1    THE COURT:  Have you ever taken any
2  psychiatric medications?
3    DEFENDANT GRIFFIN:  No, ma'am.
4    THE COURT:  Have you ever been treated
5  by a psychologist?
6    DEFENDANT GRIFFIN:  No, ma'am.
7    THE COURT:  Okay.
8    It's a one-page report.  I will
9  have the clerk make a copy of it.  They will
10  give it to the sheriffs, and you can have a copy
11  of that report, sir.
12    MS. DYKES:  Thank you.
13    THE COURT:  Okay.
14    8/24, by agreement.
15    (Which were all the proceedings
16    had concerning the
17    above-entitled cause; said
18    matter was continued to August
19    24, 2004.)
20
21
22
23
24

STATE OF ILLINOIS    )
                     )    SS.
COUNTY OF C O O K    )


        I, PAMELA A. SIGNORELLA, Official Court Reporter of the Circuit Court of Cook County, County Department-Criminal Division, do hereby certify that I reported in shorthand the proceedings had in the hearing of the above-entitled cause, that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had.


*Pamela A. Signorella*

Pamela A. Signorella,
Official Court Reporter
License No. 084-002361


Dated this 25th day of April 2005.

I-8

1    STATE OF ILLINOIS    )
                          )   SS.
2    COUNTY OF C O O K    )

3

     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4    COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT

5

     THE PEOPLE OF THE           )
6    STATE OF ILLINOIS,          )
                                 )
7                 Plaintiff,     )
                                 )
8            vs.                 )   No. 04 CR 5900
                                 )
9    DWAYNE GRIFFIN,             )
                                 )
10               Defendant.      )

11

12           REPORT OF PROCEEDINGS on the hearing
     had before the HONORABLE SHARON M. SULLIVAN
13   on the 24th day of August, 2004, in Skokie,
     Illinois.

14

15   <u>APPEARANCES</u>:

16       HON. RICHARD A. DEVINE,
                 State's Attorney of Cook County, by
17       MS. ANJANA HANSEN,
                 Assistant State's Attorney,
18               appeared for the People;

19       HON. EDWIN A. BURNETTE,
                 Public Defender of Cook County, by
20       MS. ANN BURAN,
                 Assistant Public Defender,
21               appeared for the Defendant.

22   Krista Flynn Burgeson, CSR
     Official Court Reporter
23   5600 Old Orchard Road, #204
     Skokie, Illinois  60077
24   License No. 084-003162

                          J-1

1

2                              I  N  D  E  X

3

4

5      CASE:  People vs. Dwayne Griffin

6      NUMBER:  04 CR 5900

7      DATE:  August 24, 2004

8

9

10

11

12

13

14

15      **PROCEEDINGS**

16

17      PAGES:    J-1   through   J-4

18

19

20

21

22      Krista Flynn Burgeson, CSR
        Official Court Reporter
23      5600 Old Orchard Road, #204
        Skokie, Illinois  60077
24      License No. 084-003162

1        THE CLERK:  Custody, Dwayne Griffin.

2        THE SHERIFF:  Coming out.

3        THE CLERK:  Anne Dykes said she represents

4    him.  She said to continue it, but not on her

5    bad date.

6        MS. BURAN:  Judge, Ann Buran on behalf of

7    Mr. Griffin.

8              Ms. Dykes is at another courthouse

9    involved in a different matter today.  I would

10   simply ask for approximately a one month status

11   date on her behalf.

12       THE COURT:  Sure.

13              How about September 21st?

14       MS. BURAN:  That is fine.

15       THE COURT:  By agreement.

16              ( Which were the proceedings

17                had in the above-entitled

18                cause, and the matter was

19                continued to September 21st,

20                2004. )

21

22

23

24


J-3

1    STATE OF ILLINOIS   )
                          )   SS.
2    COUNTY OF C O O K   )

3

4    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
     COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT
5

6                    I, KRISTA FLYNN BURGESON,

7    Official Court Reporter of the Circuit Court

8    of Cook County, County Department - Second

9    Municipal District, do hereby certify that I

10   reported in shorthand the proceedings had of

11   the hearing in the aforementioned cause; that

12   I thereafter caused the foregoing to be

13   transcribed into typewriting, which I hereby

14   certify to be a true and accurate transcript

15   of the Report of Proceedings had before the

16   HONORABLE SHARON M. SULLIVAN, Judge of said

17   Court.

18

19                    _____
                      Krista Flynn Burgeson, CSR
20                    Official Court Reporter
                      5600 Old Orchard Road, #204
21                    Skokie, Illinois  60077
                      License No. 084-003162
22

23

24   Dated this 20th day of May 2005.


                            J-4

1    STATE OF ILLINOIS)
                     )   SS:
2    COUNTY OF C O O K)

3          IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
                COUNTY DEPARTMENT - CRIMINAL DIVISION
4
     THE PEOPLE OF THE        )
5    STATE OF ILLINOIS        )
                              )
6                  Plaintiff, )
                              )
7             -vs-            )   No. 04 CR 5900
                              )
8    DWAYNE GRIFFIN,          )
                              )
9             Defendant.      )

10          REPORT OF PROCEEDINGS of the above-entitled

11   cause had before the Honorable SHARON SULLIVAN, on the

12   21st day of September, 2004, in District 2, Skokie,

13   Illinois.

14

     APPEARANCES:
15
               HON. RICHARD A. DEVINE,
16                 State's Attorney of Cook County, by
               MS. STEPHANIE CALLAS,
17                 Assistant State's Attorney,
                   appeared for the Plaintiff;
18
               MR. EDWIN A. BURNETT,
19                 Public Defender of Cook County, by
               MS. ANNE DYKES,
20                 Assistant Public Defender,
                   appeared for the Defendant.
21

22   Vivian A. Fasso
     Official Court Reporter
23   5600 Old Orchard Rd.
     Skokie, Il   60077
24   License No. 84-1630

                            K-1

1                                    I N D E X

2          Continued for trial................................P.3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

1          THE CLERK:  Dwayne Griffin.

2          MS. DYKES:  For the record, assistant public

3     defender Ann Dykes on behalf of Mr. Griffin.

4               Judge, we will be filing our answer to

5     discovery today.  I will inform the State that we have

6     no eye witnesses listed on our answer nor any

7     affirmative defense, and we are asking to set this

8     matter down for jury trial, please.

9          THE COURT:  Okay.  How about October 26th,

10    27th, 28th?  I know we have several things set.

11         MS. CALLAS:  Whatever the Court wants.  We can

12    kick everything else if this goes.

13         THE COURT:  Or we can go in November.

14         MS. DYKES:  That should be fine.

15         THE COURT:  Last week in October -- I want to

16    go November 1st.  There's not much set then.  How about

17    November 3rd?

18         MS. DYKES:  That's fine.

19         THE COURT:  By agreement 11/3.

20         MS. DYKES:  We would ask the mittimus reflect

21    the defendant be allowed to dress in civilian clothing

22    that day.

23         THE COURT:  Okay.  With, for jury.

24              (Proceedings continued to 11/3/04).

K-3

1    STATE OF ILLINOIS)
                      ) SS:
2    COUNTY OF C O O K)

3        THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT - SECOND MUNICIPAL DISTRICT

4

5        I, VIVIAN A. FASSO, a Certified Shorthand

6    Reporter for the Circuit Court of Cook County, do

7    hereby certify that I reported in shorthand the

8    proceedings had at the hearing in the above-entitled

9    cause; that I thereafter caused the foregoing to be

10   transcribed into typewriting, which I hereby certify to

11   be a true and accurate transcript of the proceedings

12   had before the Honorable SHARON SULLIVAN, Judge of said

13   court.

14

15

16

17                          _____
                            Certified Shorthand Reporter
18                                    #84-1630

19

20

21

22

23

24


                            K-4

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
        COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE          )
STATE OF ILLINOIS,         )
                           )
          Plaintiff,       )
                           ) Case No. 04CR-5900
      VS                   ) Courtroom 209-Skokie
                           )
DWAYNE GRIFFIN,            )
                           )
          Defendant.       )


          REPORT OF PROCEEDINGS of the hearing
before the Honorable SHARON M. SULLIVAN, Judge
of said Court, on November 3, 2004.

     APPEARANCES:

        HON. RICHARD DEVINE,
          State's Attorney of Cook County, by:
        MS. MARY MORRIS & MS. STEPHANIE CALLAS,
          Assistant State's Attorneys,
          for the People of the State of Illinois;

        MR. EDWIN A. BURNETTE,
          Public Defender of Cook County, by:
        MS. ANNE DYKES,
          Assistant Public Defender,
          for the Defendant.


Marcie Leone, CSR #084-001348
Official Court Reporter
5600 Old Orchard Rd. Rm. 204
Skokie, Illinois 60077

# I N D E X


PEOPLE VS. DWAYNE GRIFFIN


**DATE:**  11-3-04

**PAGES:**  L-1 through L-19


**CONTINUED FOR UPDATED BCX**

L-2

1          THE CLERK:  Dwayne Griffin.

2          MS. DYKES:  For the record, Assistant

3     Public Defender Anne Dykes and Brian Bowen on

4     behalf of Dwayne Griffin.  This matter is set

5     for jury trial today.  It is my understanding

6     that both sides appear to be ready.

7                    In speaking with Mr. Griffin this

8     morning, the issue of representation arose.

9     Mr. Griffin indicated to me this morning that he

10    once again wanted to proceed pro se, and I

11    advised him that we would have the case called

12    so that he could address that issue with you.

13         THE COURT:  Mr. Griffin, the case is set

14    for trial today apparently, and the public

15    defender was appointed to represent you.

16         THE DEFENDANT:  Right.  I'm firing the

17    public defenders.  I don't want them to

18    represent me.  They fired.

19         THE COURT:  Do you have another --

20         THE DEFENDANT:  They fired.  They are

21    fired.

22         THE COURT:  I understand that.

23         THE DEFENDANT:  They fired.  It's my

24    constitutional right to proceed pro se.  End of

1   story.

2          Could you tell me, what am I

3   charged with?

4       THE COURT:  So you wish to represent

5   yourself?

6       THE DEFENDANT:  Yes, ma'am.

7       THE COURT:  You are charged with the

8   offense of burglary.

9       THE DEFENDANT:  Can I have copies of those

10  charges, please?

11      THE COURT:  Hold on a second.

12          In terms of sentencing, is he --

13      MS. MORRIS:  I believe he is a Class X

14  sentencer.  I don't have the file in front of

15  me, but I seem to recall that.

16      THE COURT:  Mr. Griffin, just so you

17  understand, you do have the right to represent

18  yourself, but I am going to explain some things

19  to you to make sure that you're making that

20  decision in a knowing and intelligent manner.

21      THE DEFENDANT:  I know what I'm doing,

22  ma'am.

23      THE COURT:  Okay.  But please --

24      THE DEFENDANT:  I'm ready to pick a jury.

1   Twelve people in this courtroom.  Let's do

2   this.  I'll rock you all world.

3       THE COURT:  Mr. Griffin, you're going to

4   conduct yourself in an appropriate manner.

5       THE DEFENDANT:  That's my constitutional

6   right.

7                   Can you tell me what I'm charged

8   with?  You ain't told me what I'm charged with.

9       THE COURT:  Sir, I just told you what

10  you're charged with.

11      THE DEFENDANT:  What am I charged with?

12      THE COURT:  You are charged with burglary.

13      THE DEFENDANT:  Can I have copies of that,

14  please?

15      THE COURT:  You'll get a copy of it in just

16  a moment.

17      THE DEFENDANT:  The arrest report from the

18  police.

19      THE COURT:  I'm going to pass the case and

20  the public defender is going to make a copy of

21  her file, and we will bring you back out into

22  open court and you will be tendered a copy of

23  that file.

24                   But before we do that, do you

1   understand that on this charge of burglary that

2   you're subject to Class X sentencing, which

3   means that you can be sentenced to the

4   penitentiary for a period of six to thirty

5   years?

6        THE DEFENDANT:  Yep.  And you can, too.

7        THE COURT:  Sir, that's an inappropriate

8   comment.  You know that, sir.

9        THE DEFENDANT:  Can I have copies of my

10  arrest report?

11       THE COURT:  You're going to get those in

12  just a moment, sir.

13       THE DEFENDANT:  Motion of discovery was

14  filed May the 4th.  I still haven't received it.

15       THE COURT:  Sir, you're going to conduct

16  yourself in an appropriate manner in the

17  courtroom.

18       THE DEFENDANT:  Do I have to appeal this to

19  the federal courts?  That's what you want me to

20  do, ma'am?

21       THE COURT:  Well, you certainly have the

22  right to file an appeal after the case has --

23       THE DEFENDANT:  No.  I'm going straight to

24  the federal courts.

1        MS. DYKES:   If I may interject --

2        THE DEFENDANT:   You people have lost you

3   all minds in this courtroom.

4        THE COURT:   I'm going to pass the case

5   until Mr. Griffin can control himself.

6        THE DEFENDANT:   I'm controlled.

7        THE COURT:   No, you're not, sir.   You're

8   interrupting.

9        THE DEFENDANT:   You don't want the public

10  to know what's happening?   Is that it?

11       THE COURT:   Sir, I'm going to pass this.

12  Let me pass the case.   Case is passed.

13       THE DEFENDANT:   Yeah, I know.   Spooked,

14  ain't you all?   Wait until the federal courts

15  find out.

16                      (Case passed and recalled:)

17       THE CLERK:   Dwayne Griffin.

18       THE DEFENDANT:   Excuse me, ma'am.   Before

19  we proceed --

20       THE COURT:   Mr. Griffin, hold on.

21       THE DEFENDANT:   Before we proceed, what is

22  this?

23       THE COURT:   Mr. Griffin, before we proceed

24  I'm going to ask you some questions about

1  whether or not you're going to represent

2  yourself.

3      THE DEFENDANT:  That's my constitutional

4  right.  You can't stop me.

5      THE COURT:  But I need to explain some

6  things to you.

7      THE DEFENDANT:  That's my constitutional

8  right.  I'm ready to go to trial.  I'm ready to

9  pick a jury.

10     THE COURT:  Hold on, sir.  I cannot accept

11 your desire to represent yourself --

12     THE COURT:  I'll appeal to the federal

13 court.

14     THE COURT:  -- until I make a determination

15 that you're doing so in a knowing and

16 intelligent manner.  So I'm going to ask you

17 some questions at this time.

18     THE DEFENDANT:  I refuse to answer your

19 questions.  I'm ready to appeal to the federal

20 court.

21     THE COURT:  Well, then we're going to

22 continue the case on your motion.

23     THE DEFENDANT:  Not by agreement.  I don't

24 want no more continuance.  I'm ready for trial.

1    Let's put the jury right there.  You got twelve

2    people right there.

3         THE COURT:  Mr. Griffin, if you want to

4    proceed to trial --

5         THE DEFENDANT:  That's my constitutional

6    right.  Is you crazy?  That's my constitutional

7    right.  You violating it?  Tell me yes or no.

8         THE COURT:  Mr. Griffin, will you allow me

9    to finish?

10        THE DEFENDANT:  No.  I'm ready to go to

11   trial.

12        THE COURT:  Will you allow me to ask you

13   some questions?

14        THE DEFENDANT:  I demanded trial February

15   the 27th.  You people are still playing these

16   games.  It's time to go to the federal court.  I

17   bet you get some act right in you then.  That's

18   what I'm going to do.  And I'm going to send all

19   this garbage cut up, all this here.  This ain't

20   no arrest report.  Twenty-some pieces of paper

21   all cut up.  When the federal magistrate get

22   this here, you ain't going to be sitting there

23   no more.

24        THE COURT:  Mr. Griffin, will you --

1        THE DEFENDANT:  I guarantee you that.

2        THE COURT:  Okay.  The record will

3   reflect --

4        THE DEFENDANT:  You conspired against me

5   with the state's attorney, giving me all this

6   garbage.  You know what's happening.

7        THE COURT:  Mr. Griffin --

8        THE DEFENDANT:  You all doing this mean and

9   dirty low-down.  But you met your match.  Yeah,

10  me.  I know what's happening with you.  I'm

11  going to rock you all world in here.  Let's do

12  it.  Jury.

13       THE COURT:  Sir, I'm holding you in

14  contempt of court for --

15       THE DEFENDANT:  I don't care what you're

16  talking about.

17       THE COURT:  -- threatening the Court if you

18  don't stop and listen.  You keep interrupting.

19       THE DEFENDANT:  I don't want to hear it.

20       THE COURT:  Well, then it's going to be

21  continued on your motion.

22       THE DEFENDANT:  I don't want to hear it.  I

23  don't want to hear it.  Not by agreement.  I'm

24  ready to go to trial.  Let's go.

1    THE COURT:  This case is not going to

2  proceed because I can't even determine if you're

3  going to represent yourself.

4    THE DEFENDANT:  That's my constitutional

5  right.

6    THE COURT:  Well, then you need to listen.

7    THE DEFENDANT:  You violated it.  Okay.

8  It's time for me to go to federal court, then.

9    THE COURT:  I'm not violating your rights.

10    THE DEFENDANT:  Yes, you are.  That's my

11  constitutional right.  Let's do this.  Put the

12  jury there.  Let's go.  Twelve people.  You know

13  what's happening.

14    THE COURT:  I know what's happening, sir.

15  You're either playing games with the Court --

16    THE DEFENDANT:  That's my constitutional

17  right.  You violating it?  Are you violating my

18  constitutional right?  Are you refusing my

19  constitutional right?  Yes or no.

20    THE COURT:  Mr. Griffin, you have a very

21  strong voice and you refuse to allow me to

22  finish the --

23    THE DEFENDANT:  I know.  That's the power

24  of the Holy Ghost.  Yeah.  You met your match.

1      THE COURT:  Sir, this isn't a match.

2      THE DEFENDANT:  Oh, yes, it is.  You made

3   it a match.

4      THE COURT:  No, sir.

5      THE DEFENDANT:  Oh, yeah.  You made it a

6   match.  But you met your match.  Oh, yeah.  Rock

7   you all world in this courtroom.  Let's do

8   this.  You don't even have to give me no arrest

9   report.  Let's go with the jury.  Because you

10  refuse to give it to me.  You force me to go to

11  trial.  Let's go.  That's another violation.

12  Hello.

13      THE COURT:  Do you understand that if you

14  represent yourself --

15      THE DEFENDANT:  I'm ready for trial.

16      THE COURT:  Do you understand that if you

17  represent yourself, that you're going to be held

18  to the same standard as if you were an

19  attorney?

20      THE DEFENDANT:  And you are, too.

21      THE COURT:  Do you understand that?

22      THE DEFENDANT:  I'm ready for trial.

23      THE COURT:  Do you understand that?

24      THE DEFENDANT:  Oh, my God.

1      THE COURT:  Do you understand that, sir?

2      THE DEFENDANT:  Is all this being

3  recorded?

4      THE COURT:  Do you understand that, sir?

5      THE DEFENDANT:  I'm ready for trial.  I

6  demanded trial February the 27th.  Let's do this

7  here.  What's the holdup?  You didn't pass the

8  120 days.  That's another violation.

9      THE COURT:  Do you understand that you're

10  being held to the same standard as if you were

11  an attorney?

12      THE DEFENDANT:  I am ready for trial,

13  ma'am.

14      THE COURT:  Do you understand that you're

15  held to the same standard?

16      THE DEFENDANT:  I'm ready for trial here.

17  Come on.  Come on.  I'm ready for trial.  If you

18  don't want to give me the arrest report, don't

19  give it to me.  You force me to go to trial

20  without it.  Let's do this here.  Put twelve

21  people right there, the first twelve you set

22  there.  I'm going to rock you all world.

23      THE COURT:  Mr. Griffin, do you understand

24  my question?

1    THE DEFENDANT:  Twelve people.  Set them
2    right there.
3        THE COURT:  Okay.  The Court is unable to
4    obtain --
5        THE DEFENDANT:  The Court what?  The Court
6    is in violation.  Yeah.  You know it.  Yeah.
7    Don't laugh it off.
8        THE COURT:  I'm going to order an updated
9    BCX on Mr. Griffin --
10       THE DEFENDANT:  BCX?
11       THE COURT:  -- because I'm unable to get
12   any answers from him with regard to questions
13   I've asked.
14       THE DEFENDANT:  That would be the third
15   one; right?  They're going to send me back and
16   say the man is ready for trial.  That's another
17   violation.  Come on.
18       THE COURT:  BCX is ordered.
19       THE DEFENDANT:  Okay.
20       THE COURT:  This case is continued for an
21   updated --
22       THE DEFENDANT:  Not by agreement.  I'm
23   ready for trial.
24       THE COURT:  This is being continued for --

1    THE DEFENDANT:  Not by agreement.  Yeah,

2    your time running out.  When that federal judge

3    pull you in there, he snatch your license.

4    Yeah, you know what's happening.

5          THE COURT:  December 1.

6          THE DEFENDANT:  December 1 not by

7    agreement.

8          THE COURT:  At this point the public

9    defenders are still on the case because --

10         THE DEFENDANT:  I don't want them.  They

11   fired.  You going to force somebody on me?  Is

12   that what you're doing?  That's another

13   violation.

14         THE COURT:  Let the record reflect that the

15   defendant continuously interrupts the Court,

16   that every time the Court attempts to --

17         THE DEFENDANT:  He do not want the public

18   defender representing him.

19         THE COURT:  And I'd ask the court reporter

20   at this point --

21         THE DEFENDANT:  You violating his

22   constitutional right to proceed pro se.  That's

23   his constitutional right.

24         THE COURT:  Okay.  I'm going to finish

1   putting this on the record, sir, when you're in

2   the lockup because you continuously interrupt

3   the Court, making --

4        THE DEFENDANT:  Because you are violating

5   my constitutional right.  You're messing with my

6   amendment rights.

7        THE COURT:  Mr. Griffin, either you don't

8   understand or you're playing games with the

9   Court.

10       THE DEFENDANT:  Oh, you understand.

11       THE COURT:  Could you please --

12       THE DEFENDANT:  Don't laugh at me and don't

13   laugh it off.

14       THE COURT:  Sir, I'm not laughing at you

15   and you know it.

16                  The PD is staying on the case

17   until the --

18       THE DEFENDANT:  The PD ain't doing nothing.

19       MS. DYKES:  If I may, Your Honor, spread of

20   record --

21       THE COURT:  For the record, Mr. Griffin was

22   just taken back into the lockup.  Every time the

23   Court attempted to explain to him, he

24   interjected in his own words what he wanted the

1    Court to listen to and refused to answer any

2    questions that I tried to pose to him to

3    determine whether he was making a knowing and

4    intelligent waiver of his right to have

5    counsel.  Unable to do that, I'm going to have

6    the public defender stay on the case until I get

7    an updated fitness evaluation, which I'm

8    ordering at this time.  The most recent

9    evaluation was from back in April of 2004.

10        MS. DYKES:  Judge, Assistant Public

11   Defender Anne Dykes along with Brian Bowen of

12   the Public Defender's Office.  We would like to

13   spread of record that this morning what I did

14   tender to Mr. Griffin was all the police reports

15   and the supplementary reports.  And what I did

16   was, Judge, I gave him redacted copies which I

17   personally cut out the address and phone number

18   and personal information of the eyewitness and

19   the complaining witness.  So he has copies of

20   all the police reports without any personal

21   information of the State's witnesses.

22             Also, Judge, I have a BCX

23   indicating that the defendant is fit dated July

24   14th of this year.  So what I would propose is

1    that we send an order to Forensic Clinical

2    Services indicating that we need an evaluation

3    as to fitness by a doctor other than the doctor

4    listed on this report.  If there is an earlier

5    report, I would like that one as well to include

6    that doctor's name so that the same psychiatrist

7    does not evaluate Mr. Griffin.

8         THE COURT:  Actually, the report that I

9    have from April 14 is by Dr. Susan Messina, a

10   licensed clinical psychologist.  And who is the

11   one that you have from July?

12        MS. DYKES:  I have a staff psychiatrist.  I

13   will spell the last name.  N-a-d-k-a-r-n-i.  Dr.

14   Nadkarni.

15        THE COURT:  The record will reflect that

16   the defendant continuously, as I indicated

17   previously, was interrupting and yelling so loud

18   that the court reporter clearly would not be

19   able to take down both voices at one time.

20

21

22

23

24

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
        COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE        )
STATE OF ILLINOIS        )
                         )
     VS                  )
                         )
DWAYNE GRIFFIN           )


        I, Marcie Leone, Official Court

Reporter for the Circuit Court of Cook County,

Cook Judicial Circuit of Illinois, do hereby

certify that I reported in shorthand the

proceedings had in the above-entitled cause;

that I thereafter caused the foregoing to be

transcribed into typewriting, which I hereby

certify to be a true and accurate transcript of

the proceedings had before the Honorable SHARON

SULLIVAN, Judge of said Court.

                _____
                Marcie Leone, CSR# 084-001348


Dated this 30th day

of March, 2005.


                        L-19

1           IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
               COUNTY DEPARTMENT - CRIMINAL DIVISION
2

3    THE PEOPLE OF THE                )
     STATE OF ILLINOIS,               )
                                      )
4                     Plaintiff,      )
                                      )
5      -vs-                           )    04 CR 5900
                                      )
6    DWAYNE GRIFFIN,                  )
                                      )
7                     Defendant.      )

8

9                    REPORT OF PROCEEDINGS

10   had at the hearing of the above-entitled cause came on

11   for hearing before the Honorable SHARON SULLIVAN, on

12   the 1st day of December, 2004, Skokie, Illinois.

13           APPEARANCES:

14               MR. RICHARD DEVINE,
                 State's Attorney of Cook County,
15               by:  MS. STEPHANIE CALLAS,
                 Assistant State's Attorney,
16                   for the People of the State of Illinois;

17

18               MR. EDWIN A. BURNETTE,
                 1st Asst. Public Defender of Cook County,
                 by: MS. ANN BURAN,
19               Assistant Public Defender,
                     appeared on behalf of the Defendant.

20

21

22

     SUZIE W. NOLAN, CSR
23   LICENSE NO. 084-003001
     5600 Old Orchard - 204
24   Skokie, IL  60077

                         A - 1

```
 1                              I N D E X

 2

 3        CASE:  People vs. Dwayne Griffin
          CASE NUMBER:  04 CR 5900
 4        DATE:  04 CR 590012-1-04
          PAGES: A-1 to A-10
 5

 6        Continued to 12-2-04

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```

A - 2

1        THE CLERK:  Dwayne Griffin.

2        THE COURT:  Mr. Griffin, I have reviewed your

3  notice of appeal.   First of all, you have the wrong

4  case number on the appeal.  Your notice of appeal says,

5  an appeal is hereby taken in the final judgment entered

6  in the above-entitled cause.  There is no final judgment

7  entered in the above-entitled cause.  Your leave to file

8  a notice of appeal is hereby denied.

9             Now, the public defender has been

10  appointed on the case.   If you wish to represent

11  yourself, I will entertain your request to represent

12  yourself.  But in order to do that, I must ask you

13  certain questions as Supreme Court Rule 401 requires.

14  If you would like a copy of that Supreme Court Rule 401,

15  I will be happy to have a copy of that Supreme Court

16  Rule given to you.

17        THE DEFENDANT:  Yes, let me have a copy, please.

18        THE COURT:  Okay.

19        THE DEFENDANT:  And a copy of the third psych

20  evaluation.

21        THE COURT:  Your attorney has a copy.  Let me read

22  it to you.

23        THE DEFENDANT:  Which edition do you have there?

24        THE COURT:  This is the 2000 edition.  The rule has

A - 3

1    not changed.  Rule 401, any waiver of counsel shall be

2    in open court.  The Court shall not permit a waiver of

3    counsel via person accused of an offense punishable by

4    imprisonment without first by addressing the defendant

5    personally in open court informing and determining that

6    he understands the following:

7                    One, the nature of the charge.

8                    Two, the minimum and maximum sentence

9    prescribed by law including when applicable the penalty

10   to which the defendant may be subjected based upon prior

11   convictions -- because of prior convictions or

12   consecutive sentences.

13                   And, three, that he has a right to

14   counsel, and if indigent to have counsel appointed for

15   him by the Court.

16                   That is what the Supreme Court Rule 401

17   states.

18                   Do you wish to represent yourself?

19       THE DEFENDANT:  Yes, ma'am.

20       THE COURT:  Sir, how far did you go in school?

21       THE DEFENDANT:  I wish to represent myself, ma'am,

22   I mean, to get this over with.

23       THE COURT:  Do you know what you are charged with?

24       THE DEFENDANT:  What?  The police picked me up and

A - 4

1    charged me with --

2         THE COURT:   Sir, you are charged with the offense

3    of burglary.

4         THE DEFENDANT:  Can I get -- get the police what

5    they charged me with?

6         THE COURT:  The offense is a Class 2 felony.

7                 State, does he have --

8         MS. CALLAS:  He is mandatory X.

9         THE COURT:  Based upon your background, you are

10   subject to six to thirty years in the penitentiary.

11        THE DEFENDANT:  Six to thirty years,

12        THE COURT:  Three years of mandatory supervised

13   release, which is also known as parole that follows any

14   penitentiary sentence.

15             Do you understand that is the range of

16   penalties that applies to this offense?

17        THE DEFENDANT:  Who is going to get that time?

18        THE COURT:   Do you understand that, sir?

19        THE DEFENDANT:  But I am asking who is going to get

20   that time?

21        THE COURT:   Do you understand that, sir?

22        THE DEFENDANT:  Yes, I understand what you are

23   saying.

24             Who going is to get that time?

A - 5

1          THE COURT:    Sir, you are playing games.

2          THE DEFENDANT:    You are playing games.

3          THE COURT:    No, I am not.   I am asking, do you want

4     to resolve this matter?

5          THE DEFENDANT:    I want to resolve this matter.

6          THE COURT:    Do understand you have the right to

7     have counsel appointed to represent you?   Do you

8     understand?

9          THE DEFENDANT:    Yes, ma'am.

10          THE COURT:    If you can't afford an attorney, you

11     have the right to have a public defender appointed to

12     represent you.

13          THE DEFENDANT:    Yes, ma'am.

14          THE COURT:    And you understand that presenting a

15     defense is not a simple matter of telling one's story,

16     but requires adherence to governing the conduct of a

17     trial?

18          THE DEFENDANT:    Yes, ma'am.

19          THE COURT:    You understand that an attorney has

20     substantial experience in training in trial procedures

21     and the prosecution.   In this case, you will not be

22     represented by an experienced attorney.

23          THE DEFENDANT:    Yes, ma'am.

24          THE COURT:    Do you understand that a person like

A - 6

1    yourself is unfamiliar with the legal procedures may

2    allow the prosecutor an advantage by you failing to make

3    objections to inadmissible evidence or such rights as

4    the voir dire of jurors and may make tactical decisions

5    that produce unintended consequence --

6          THE DEFENDANT:  Yes, ma'am.

7          THE COURT:   -- you understand by proceeding pro

8    se.  If you choose to proceed pro se, you will not be

9    allowed to complain about the competency of your

10   representation.

11         THE DEFENDANT:  Yes, ma'am.

12         THE COURT:   Do you understand that you will

13   receive no special consideration from the Court?

14         THE DEFENDANT:  Yes, ma'am.

15         THE COURT:  For example, if you do not know how to

16   ask certain questions, to lay foundations for the

17   admission of certain evidence --

18         THE DEFENDANT:  Yes, ma'am.

19         THE COURT:   -- that you may not be allowed to ask

20   questions or get certain evidence admitted into

21   evidence.

22         THE DEFENDANT:  Yes, ma'am.

23              Motion of discovery is already filed.  I

24   am ready.  May the 4th to be exact, 2004.

A - 7

1          THE COURT:   You understand that if you are allowed

2     to represent yourself, I will not appoint a stand-by

3     attorney to assist you at any stage during the trial?

4          THE DEFENDANT:  Yes, ma'am.

5          THE COURT:  And, sir, have you ever been to law

6     school?

7          THE DEFENDANT:  I go to the law library everyday.

8          THE COURT:  What is the farthest level of school

9     you have completed?

10         THE DEFENDANT:  Oh, high school.

11         THE COURT:   Did you graduate high school?

12         THE DEFENDANT:  Yes, ma'am.

13         THE COURT:  Understanding everything that I have

14    said here today, do you wish to represent yourself?

15         THE DEFENDANT:  Yes.  PD office is fired?

16         THE COURT:  I will allow you to represent yourself.

17         MS. BURAN:  Judge, we are requesting leave to

18    withdraw based on that.

19         THE COURT:  PD is given leave to withdraw.

20         MS. BURAN:  Thank you.

21         THE COURT:  I know the attorney who is

22    representing you is Ms. Dykes.  Given the hour of day --

23    she has the file, is that correct?

24         MS. BURAN:  She does.

                           A - 8

1      THE COURT:  And we will hold the case over for her

2      to give you the discovery.

3      MS. BURAN:  Judge, you want try Friday?   I think

4      the state may have to present redacted copies in this

5      situation.

6      MS. CALLAS:  Friday of next week.

7      THE COURT:  Friday? Tomorrow is better.  We will

8      hold it tomorrow.  Have it -- make a copy of the

9      discovery.  Hold the case over to tomorrow.   We will

10     make a copy of discovery for you, and state may need to

11     redact certain information, and we can proceed with your

12     representing yourself.  Okay.

13     THE DEFENDANT:  Can I have a copy of that third

14     psych report?

15     THE COURT:  That is part of the file.

16     MS. BURAN:  Tomorrow.

17     THE COURT:  Okay.

18     MS. BURAN:  Okay.

19     THE DEFENDANT:  Okay.

20     THE COURT:   By agreement.

21     MS. CALLAS:  Hold on call 12-2.

22                    (The proceedings were continued to

23                     12-2-05.)

24

A - 9

```
1   STATE OF ILLINOIS  )
                       )  SS:
2   COUNTY OF C O O K  )

3

4              I, SUZIE W. NOLAN, an Official Court

5   Reporter of the Circuit Court of Cook County, County

6   Department - Criminal Division, do hereby certify that

7   I reported in shorthand the report of proceedings had on

8   the hearing in the aforementioned cause; that we

9   thereafter caused the foregoing to be transcribed into

10  typewriting, which I hereby certify to be a true and

11  accurate transcript of the proceedings had before the

12  Honorable SHARON SULLIVAN, Judge of said court.

13

14              _Suzie W. Nolan_____

15              Official Court Reporter   084-003001

16

17

18

19

20

21

22

23  Dated this 26th day of

24  August, 2005
```

A - 10

1    STATE OF ILLINOIS )
                  ) SS:
2    COUNTY OF C O O K )

3     IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
          COUNTY DEPARTMENT — CRIMINAL DIVISION
4
    THE PEOPLE OF THE       )
5    STATE OF ILLINOIS,     )
                        )
6        Plaintiff,      )
                        )
7         vs.          ) 04 CR 05900
                        )
8    DWAYNE GRIFFIN,       )
                        )
9        Defendant.      )

10

11         REPORT OF PROCEEDINGS on the hearing had

12    before the Honorable JUDGE SHARON SULLIVAN on the

13    2nd day of December, 2004, in Skokie, Illinois.

14         APPEARANCES:

15              HON. RICHARD A. DEVINE
               State's Attorney of Cook County by
16              MS. STEPHANIE CALLAS
                 Assistant State's Attorney,
17                 appeared for the People;

18              MR. EDWIN A. BURNETTE,
               Public Defender of Cook County by
19              MS. ANNE DYKES
                 Assistant Public Defender,
20                 appeared for the Defendant.

21
    Pauline Strohl, CSR
22    Official Court Reporter
    5600 Old Orchard Road, #204
23    Skokie, Illinois  60077
    License No.  084-001253
24

M   1

PAULINE STROHL
License No.  084-001253
Official Court Reporter
5600 Old Orchard Road, Room 204
Skokie, Illinois    60077


I N D E X


PEOPLE VS. DWAYNE GRIFFIN
DATE:  December 2, 2004


PAGES:  M-1 to M-7


PROCEEDINGS


—


CONTINUANCE


M    2

1          THE COURT:  Okay, Mr. Griffin is before the

2     Court.  And yesterday you requested that you be

3     allowed to proceed pro se.  I admonished you

4     pursuant to Supreme Court Rule 401 and we held

5     the case over today for the Public Defender to be

6     here to give you the discovery.  Let me just ask

7     you today, do you still wish to represent

8     yourself?

9          THE DEFENDANT:  Yes, ma'am.

10          THE COURT:  Okay.  Then I ask that discovery

11     be tendered by the Public Defender back to the

12     State and that the State then tender that

13     discovery to Mr. Griffin.

14     MS. CALLAS:  Judge, at this time I would just

15     like to put on the record what it is that I'm

16     going to give the defendant so that it's all on

17     the record.  I have a 2-page motion for

18     discovery, a 2-page answer for discovery, a

19     2-page general offense case report, a 2-page case

20     supplementary report, a five-page Chicago Police

21     Department arrest report.

22          A one-page Chicago Police Department

23     inventory sheet.  Three pages of general

24     progress -- strike that.  Four pages of unlined

M     3

1    general progress report notes.  Two pages of

2    general progress report notes that are lined.

3    One crime scene processing report.  1, 2, 3, 4, 5

4    pages of forensic clinical service exams from

5    prior examinations that the defendant requested.

6    One from yesterday.  There's all of them in here.

7        Ten pages of certified copy of

8    conviction.  Five pages for certified copy of

9    conviction in case number 95 CR 9655 and case

10   number 98 CR 6819.  A 12-page preliminary hearing

11   transcript.  A 7-page Chicago Police Department

12   criminal history in the name of Dwayne Griffin.

13   A 10-page State of Illinois identification

14   criminal history sheet in the name of Dwayne

15   Griffin.  And 4 Xerox copies of color photographs

16   currently in the State's possession.

17        I've made these so that the defendant

18   has a basic copy, but at any time he wants to see

19   my color copies, he is more than welcome to.

20   This is all the discovery currently in possession

21   of the State with regards to this case.  I'm

22   tendering that to Mr. Griffin at this time.

23        THE COURT:  Mr. Griffin, you acknowledge that

24   you just received that, those documents?

M    4

1          THE DEFENDANT:  Yes, ma'am.

2          THE COURT:  Okay.  And do you wish to see the

3    photographs that the State has?

4          THE DEFENDANT:  Yeah.

5          MS. CALLAS:  For the record the defendant is

6    looking at 4 photographs of the crime scene.

7          THE COURT:  Mr. Griffin, do you wish to file

8    any motions on this case?

9          THE DEFENDANT:  No.  I'm ready for trial.

10          THE COURT:  Do you wish any continuances to

11    review discovery?

12          THE DEFENDANT:  No, ma'am.

13          THE COURT:  So you're answering ready for

14    trial?

15          THE DEFENDANT:  Yes, ma'am.

16          MS. CALLAS:  Judge, if that's the case, go

17    motion State, January 3rd.

18          THE COURT:  Do you want a jury trial or a

19    bench trial?

20          THE DEFENDANT:  Jury.

21          THE COURT:  So the case will be continued on

22    the State's motion to January 3rd.  It will be

23    set down for jury on that date.  I will mark the

24    mittimus to indicate that the defendant should be

M    5

1    brought in civilian clothes.  All right, sir, do

2    you plan to issue any subpoenas to bring in any

3    witnesses?

4         THE DEFENDANT:  No, ma'am.  State just call

5    their witnesses.

6         THE COURT:  Okay.  Motion State January 3rd.

7         THE DEFENDANT:  I'm ready to walk and whirl.

8    Let's get it on.

9                        - - - - -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

M    6

1    STATE OF ILLINOIS )
                        ) SS:
2    COUNTY OF C O O K )

3    IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT - CRIMINAL DIVISION
4

5

6            I, Pauline Strohl, Official Court

7    Reporter of the Circuit Court of Cook County,

8    County Department, Criminal Division, do hereby

9    certify that I reported in shorthand the

10   proceedings had on the hearing in the

11   aforementioned cause; that I thereafter caused

12   the foregoing to be transcribed into typewriting,

13   which I hereby certify to be a true and accurate

14   transcript of the Report of Proceedings had

15   before the Honorable SHARON SULLIVAN, Judge of

16   said court.

17

18

19                          Pauline Strohl, CSR
                            Official Court Reporter
20                          License No.  084-001253
                            5600 Old Orchard Road
21                          Skokie, Illinois  60077

22

23
     Dated this 31st day of March, 2005.
24

                            M    7

STATE OF ILLINOIS )
                  ) SS.
COUNTY OF COOK    )

   IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
         COUNTY DEPARTMENT-CRIMINAL DIVISION

THE PEOPLE OF THE          )
STATE OF ILLINOIS,         )
                           )
            Plaintiff,     )
                           ) Case No. 04CR-5900
      VS                   ) Courtroom 209-Skokie
                           )
DWAYNE GRIFFIN,            )
                           )
            Defendant.     )


        REPORT OF PROCEEDINGS of the hearing
before the Honorable SHARON M. SULLIVAN, Judge
of said Court, on January 3, 2005.

    APPEARANCES:

        HON. RICHARD DEVINE,
          State's Attorney of Cook County, by:
        MS. LORI SCHULTZ,
          Assistant State's Attorney,
          for the People of the State of Illinois;

        THE DEFENDANT, appearing pro se.




Marcie Leone, CSR #084-001348
Official Court Reporter
5600 Old Orchard Rd. Rm. 204
Skokie, Illinois 60077

# I N D E X

PEOPLE VS. DWAYNE GRIFFIN

**DATE:**  1-3-05

**PAGES:**  N-1 through N-10

**CONTINUANCE**

1          THE CLERK:  Dwayne Griffin.

2          THE COURT:  This is Dwayne Griffin, for the

3     record.

4                    Mr. Griffin, good morning.  The

5     case is set for trial.  You should have been

6     brought in civilian clothes.  Did they bring --

7          THE DEFENDANT:  No.  I'll wear this.  I'll

8     wear what I got on.

9          THE COURT:  State, are you ready to go?

10         MS. SCHULTZ:  Judge, one of the officers

11    called last week, and he had to be out of

12    state.

13                    We have a person from -- who

14    worked at Blockbuster.  She has a copy of the

15    subpoena.  We're not sure when the officer is

16    going to be back in town.  So to make sure, we'd

17    like to enter and continue this motion State

18    until January 5th, pick the jury that day, and

19    I've excused my witness until the 6th so she

20    doesn't have to spend two days waiting to go to

21    trial on this.

22                    So the State's intention is to

23    pick the jury on the 5th and begin on the 6th.

24         THE COURT:  State's asking to hold this for

1   two days?

2       MS. SCHULTZ:  Yes, Judge.  And we ask that

3   all subpoenas be entered and continued.

4       THE DEFENDANT:  For the record, I still

5   don't have any arrest reports so I could proceed

6   to trial.  I've been waiting over a year almost.

7       MS. SCHULTZ:  It's my understanding it's

8   been tendered.  It's been motion State.  The

9   defendant has demanded.

10      THE COURT:  You answered ready and demanded

11  trial on the last court date; is that right?

12      THE DEFENDANT:  Yes.

13      THE COURT:  Are you answering ready today?

14      THE DEFENDANT:  Well, with my arrest

15  report.  Are you saying go to trial without the

16  arrest report?

17      THE COURT:  You received the arrest

18  reports, sir.

19      THE DEFENDANT:  No, ma'am.  Motion for

20  discovery was filed May 4.  I still haven't

21  received it.

22      THE COURT:  You received a copy of the

23  arrest report.

24      THE DEFENDANT:  No, ma'am.

1          MS. SCHULTZ: My records indicate that he
2     was. And, Judge --
3          THE COURT: This is the arrest report right
4     here.
5          THE DEFENDANT: That's not no arrest
6     report.
7          THE COURT: That is the arrest report, sir.
8          THE DEFENDANT: Okay. Tell it to the
9     federal judge.
10         THE COURT: You received this, a copy of
11    the arrest report.
12         THE DEFENDANT: Let me get a copy of that.
13         THE COURT: We'll copy this again. The
14    State can look at this and make another copy for
15    him of what is in the court file.
16                   So you're answering ready; is
17    that correct?
18         THE DEFENDANT: Yeah. Let it be known for
19    the record you force me to go to trial without
20    the arrest report.
21         THE COURT: I'm not forcing you to go to
22    trial without the arrest report. Do you want a
23    continuance yourself?
24         THE DEFENDANT: I'm ready for trial.

1      THE COURT:  Okay.

2      THE DEFENDANT:  For the record, you force

3  me to go to trial without the arrest report.

4      MS. SCHULTZ:  We will get you the arrest

5  report by the end of the day.

6      THE COURT:  I believe he's previously been

7  tendered it on several occasions.

8              But another copy will be tendered

9  to you today.

10              Motion State, January 5, with for

11  trial.  The mitt will indicate you're to be

12  brought in civilian clothes.

13      THE DEFENDANT:  I don't want to be brought

14  in civilian clothes.

15      THE COURT:  You do not?

16      THE DEFENDANT:  No, ma'am.  Just like this

17  here.  I need my arrest report so I can go to

18  trial.

19      THE COURT:  They're going to make a copy of

20  it, and you'll get it in just a moment.

21      THE DEFENDANT:  I was supposed to have been

22  received a copy May 4.

23      THE COURT:  You received a copy, I'm sure.

24      THE DEFENDANT:  Give me what you're going

1    to give me.

2         MS. SCHULTZ:  I have to scratch out some

3    things.

4         THE DEFENDANT:  You're scratching out some

5    things?  Are you tampering with evidence?

6         THE COURT:  We'll pass this for a moment.

7         THE DEFENDANT:  Tell it to a federal

8    judge.  Okay?  You all met you all match.  Not

9    by agreement.  Let's do this here.  You taking

10   me to trial without an arrest report, let it be

11   known for the record.

12                     (Case passed and recalled:)

13        THE CLERK:  Dwayne Griffin.

14        MS. SCHULTZ:  Judge, I was able to find in

15   our file a copy of what we had previously

16   tendered to the defendant.  I tender to the

17   Court a copy of exactly that.

18                     In addition to the arrest report

19   which the defendant has requested, the State is

20   tendering sixteen pages.  This is five pages of

21   the arrest report, which we've redacted only the

22   personal information of -- the address of where

23   the victim lives.  Tendering that in open

24   court.  That's five pages.  This is the general

1    case report.  That is two pages.  The

2    supplemental report is two pages, and we've

3    blackened out the home address of the witness.

4    There's five pages of a general case report

5    which I'm tendering to Mr. Griffin.  There's a

6    crime scene processing report.  That's one

7    page.  There's an inventory slip.

8                    And I'd like to show the

9    defendant in open court the photographs which

10   the State has.  I don't know if he's seen them

11   earlier or not.  And these are the photographs I

12   will show the defendant.  We need them back.

13   There are two small photos, which I'm showing to

14   the defendant, and of those two I believe one is

15   enlarged, or both are enlarged.

16                    All discovery has been shown to

17   the defendant on January 3rd of '05.

18        THE COURT:  Do you acknowledge receipt of

19   those documents?

20        THE DEFENDANT:  I'm ready for trial.  I

21   still don't have the arrest report, though.

22        THE COURT:  The five-page document that she

23   tendered to you first is the arrest report.

24        THE DEFENDANT:  Okay.  Tell it to the

1    federal judge.

2         THE COURT:  Okay.  Your demand is noted.

3         THE DEFENDANT:  I'm ready for trial.

4         THE COURT:  January 5.

5         THE DEFENDANT:  I'll rock you all world in

6    this courtroom.  You all never get away with

7    this.  Every last one of you going to prison.

8    Watch.  Met you all match.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

```
STATE OF ILLINOIS  )
                   )  SS.
COUNTY OF COOK     )
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

```
THE PEOPLE OF THE          )
STATE OF ILLINOIS          )
                           )
     VS                    )
                           )
DWAYNE GRIFFIN             )
```

I, Marcie Leone, Official Court Reporter for the Circuit Court of Cook County, Cook Judicial Circuit of Illinois, do hereby certify that I reported in shorthand the proceedings had in the above-entitled cause; that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had before the Honorable SHARON SULLIVAN, Judge of said Court.

_____
Marcie Leone, CSR# 084-001348

Dated this 31st day
of March, 2005.

1     STATE OF ILLINOIS  )
                       ) SS:
2     COUNTY OF C O O K  )

3

       IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
4        COUNTY DEPARTMENT - CRIMINAL DIVISION

5

    THE PEOPLE OF THE       )
6    STATE OF ILLINOIS,     )
                        )
7              Plaintiff, )
                vs.      ) Case No. 04 CR 590001
8                      )
    DWAYNE GRIFFIN,        )
9                      )
             Defendant. )
10

11        REPORT OF PROCEEDINGS of the trial had before

12    the Honorable SHARON M. SULLIVAN, Judge of the

13    Criminal Division, heard on the 4th day of February,

14    2005.

15

    APPEARANCES:
16

        HON. RICHARD A DEVINE,
17        State's Attorney of Cook County, by:
        By: Ms. Stephanie Callas
18           Ms. Lori Schutz
        Assistant State's Attorney
19        appeared for the People;

20

        Mr. Dwayne Griffin, Pro Se.
21

22    Jaime T. Tramontana
    Official Court Reporter
23    C.S.R. 084-004479
    5600 Old Orchard Road, Room 204
24    Skokie, IL  470-7290

1          THE CLERK:  Dwayne Griffin.

2          THE COURT:  Mr. Griffin is before the Court.

3              Sir, I've lost my voice.

4          MR. GRIFFIN:  You got sick?

5          THE COURT:  I'm a little under the weather.

6          MR. GRIFFIN:  Something you ain't doing right

7     then.

8          THE COURT:  Are you filing any motions today?

9          MR. GRIFFIN:  Yeah, I'm going to file a notice of

10    appeal.

11         THE COURT:  You have to wait for that until after

12    the sentencing.  I will give you a copy of

13    pre-sentence investigations.

14         MR. GRIFFIN:  This is my copy?

15         THE COURT:  Yes, sir.

16         MR. GRIFFIN:  Do you think I can get a copy of

17    the arrest report now?

18         THE COURT:  At this stage of sentencing -- at

19    this time we are prepared for a sentencing hearing.

20             Are you ready for your sentencing hearing,

21    sir?

22         MR. GRIFFIN:  Yes.

23         THE COURT:  I will first hear from the State in

24    aggravation.

Q3

1          MS. CALLAS:  Judge, this is a mandatory Class X

2     Felony.  On his last burglary after a finding of

3     guilty he received 11 years in IDOC from the

4     Honorable Judge Bouy.  Prior to that he has a

5     Class Two or greater PCS with intent to deliver.  And

6     prior to that he has an aggravated arson which he

7     received ten years in IDOC.

8          The People do not believe the defendant

9     should be given less of a sentence this time than he

10    was given last time for the same offense.  We believe

11    it should be more than that because the 11 years last

12    time did not dissway him from committing yet another

13    burglary.

14    THE COURT:  In mitigation.  Mr. Griffin, would

15    you like to make any argument in mitigation?

16    MR. GRIFFIN:  No.

17    THE COURT:  You have the right to address the

18    Court on your own behalf prior to sentencing.  Is

19    there anything you would like to say --

20    MR. GRIFFIN:  No.

21    THE COURT:  -- at this time prior to sentencing?

22    MR. GRIFFIN:  No.

23    THE COURT:  At this time I will sentence to you

24    nine years IDOC.  You're entitled for credit in
                              Q4

1    custody and you will be subject to three years

2    mandatory supervised release.

3            Sir, you have the right to appeal -- you

4    have the right to request the clerk to file a notice

5    of appeal.  Your right to appeal the judgment of

6    conviction will be preserved only if a notice of

7    appeal is filed in the Trial Court within 30 days

8    from the date on which sentence is imposed, which is

9    today.

10           However, prior to taking your appeal, if

11   you chose to challange the correctness of the

12   sentence or any aspect of your sentencing hearing,

13   you must file in this Trial Court within 30 days of

14   today's date a written motion to reconsider the

15   sentence imposed or to consider any challanges to the

16   sentencing hearing setting forth in the motion all

17   issues or claims of error regarding the sentence

18   imposed, the sentencing hearing, and any issues of

19   claim of error regarding the sentence imposed or any

20   aspect of the sentencing hearing.

21           If it's not raised in 30 days, the written

22   motion shall be deemed waived within 30 days of the

23   Court's ruling disposing your motion to reconsider

24   the sentence or challanges to the sentencing hearing.
                              Q5

1        If you then wish to appeal you must file or request

2        the Clerk of the court to prepare and file in the

3        trial court a written notice of appeal.

4               If you could not afford the cost of an

5        attorney for the motions, or the appeal, or the cost

6        of any transcripts for the motion for appeal, they

7        will be provided free of cost.

8               Do you understand that?

9        MR. GRIFFIN:  Uh-huh.

10       THE COURT:  You have to answer out loud.

11       MR. GRIFFIN:  Yes.

12       THE COURT:  Do you wish to file any motions?

13       MR. GRIFFIN:  I'm -- the only thing I want to

14       notice -- that's all I'm required?

15       THE COURT:  Notice of appeal.  One more question.

16       Do you wish -- based on what I just said, do you wish

17       to file any motions regarding the sentence?

18       MR. GRIFFIN:  No, I would like the clerk to stamp

19       this for me, please, and give me my copy.

20       THE COURT:  Good luck to you, sir.

21              (Whereupon the following case was recalled

22              later that same day.)

23       THE CLERK:  Dwayne Griffin.

24       MS. CALLAS:  We need to bring him back here.

Q6

1          THE COURT:  Sir, the State is also seeking an

2     order for DNA testing.  I'm signing that order.  It's

3     part of the sentence in this case.

4          MR. GRIFFIN:  DNA for who?

5          MS. CALLAS:  You.

6          MR. GRIFFIN:  I refuse it.

7          THE COURT:  Sir, you filed a notice of appeal.

8     Do you want me to State Appellate Defender to

9     represent you on the appeal?

10          MR. GRIFFIN:  Yes.

11          THE COURT:  Thank you.

12                    *    *    *    *    *

13

14

15

16

17

18

19

20

21

22

23

24

Q7

1    IN THE CIRCUIT COURT OF THE COOK JUDICIAL CIRCUIT

2             COOK COUNTY, ILLINOIS

3

4        I, JAIME T. TRAMONTANA, an Official Court

5    Reporter within and for the Circuit Court of Cook

6    County, Criminal Division, do hereby certify that I

7    have reported in shorthand the proceedings had at the

8    hearing of the above-entitled cause; that I

9    thereafter caused the foregoing to be transcribed

10    into typewriting electronically, which I hereby

11    certify is a true and accurate transcription of my

12    stenographic notes and contains all the matters of

13    the proceedings so taken as aforesaid before the

14    Honorable SHARON M. SULLIVAN, Judge of said court.

15

16

17

18                 Official Court Reporter

19                  C.S.R. 084-004479

20

21    Dated this 20th day of

22    April, 2005.

23

24