File Date: ___2-11-2008_____

Case No: ___08cv 939_____

ATTACHMENT # ___4_____

EXHIBIT _____

TAB (DESCRIPTION)

Proceedings from 1/6/2005 cont'd

1    the jury.  I got 12 copies.

2         THE COURT:  You understand that there may be

3    things in that transcript that hurt you as well?

4         THE DEFENDANT:  I want to give it to them.

5         THE COURT:  Okay.  There's no objection.  If

6    there is no objection -- and who testified at that

7    hearing?

8         MS. CALLAS:  Mr. Pagan and Ms. Nueva.

9         THE COURT:  And you're seeking to introduce

10   that to the jury?

11        THE DEFENDANT:  Yes, ma'am, please.

12        THE COURT:  All right, and State has no

13   objection to it.  Despite the hearsay statements in

14   there, you'll be allowed to introduce that.

15        THE DEFENDANT:  Yes.

16        THE COURT:  You do have 12 copies of that?

17        THE DEFENDANT:  Yes, ma'am.

18        THE COURT:  If you want to lay those on the

19   table there, then the deputy can hand those to the

20   jury at the appropriate time.

21        THE DEFENDANT:  I'll just hold it until the

22   right time.

23        THE COURT:  Do you have copies, or do you need

24   copies made, sir?

1           THE DEFENDANT:  I think I need one more.

2           MS. SCHULTZ:  We can give the original, and

3      they can share it.

4           THE COURT:  If you want 12 copies made, it's a

5      short transcript.

6           MS. CALLAS:  Yes.

7           THE COURT:  You want all of them to have an

8      opportunity to look at this?

9           THE DEFENDANT:  Yes.

10          THE COURT:  Any other witnesses that you're

11     going to call?

12          THE DEFENDANT:  No.

13          THE COURT:  Are you going to testify on your

14     own behalf?

15          THE DEFENDANT:  No.

16          THE COURT:  You know, you have the absolute

17     right to testify.

18          THE DEFENDANT:  Yes, ma'am.

19          THE COURT:  Is there anything else that you

20     wish, any other evidence?

21          THE DEFENDANT:  No.  I'm ready for closing

22     arguments, ma'am.

23          THE COURT:  Why don't you see if you have 12

24     copies of the transcript?  Otherwise, we can get 12

1    copies for you to present.

2         MS. CALLAS:  Do you want to do a jury

3    instruction conference?

4         THE COURT:  Have you had a -- let's do it on

5    the record.

6              Have you gone through these

7    instructions?

8         THE DEFENDANT:  Yes, ma'am.  No objection to

9    them.

10        THE COURT:  No objection to any of these?

11        MS. SCHULTZ:  Some have to be taken out,

12   Judge.

13        THE COURT:  We'll go through them quickly.

14   101 is the members of the jury instruction.

15   There's no objection to that, is that correct, Mr.

16   Griffin?

17        THE DEFENDANT:  Yes, ma'am.

18        THE COURT:  1202.

19        MS. SCHULTZ:  The first one should be

20   admitted, Judge.

21        THE COURT:  The testimony of the defendant,

22   the defendant is not going to testify.  That'll be

23   withdrawn.  And the second 102.  103 is opening

24   statements.  104, excuse me, 104 regards juror

1    notes.  201 states the charge and the defendant's

2    plea of not guilty.  202 describes the

3    information.  203 is the presumption of innocence.

4    302 is circumstantial evidence.  313 is

5    conviction.  I take it you're withdrawing that?

6        MS. CALLAS:  Withdraw.

7        THE COURT:  Defendant did not testify.  1407

8    is the offense of burglary.  1408 are the

9    propositions necessary to be proved.  2601 is

10   discussing unanimous verdicts and what they do when

11   they retire to the jury room, and there's two forms

12   of verdicts of not guilty and a guilty.

13       MS. SCHULTZ:  I didn't hear.  Did you get

14   1408?  I don't know if you said that or not.

15       THE COURT:  Yes.

16            Mr. Griffin, you have no objections to

17   these instructions?

18       THE DEFENDANT:  No.

19       MS. CALLAS:  Do you have a clean copy?

20       THE COURT:  I do.  Why don't we take a short

21   recess?  If lunch is not here, we can --

22       MS. CALLAS:  Do you want to do that before we

23   eat?

24       THE COURT:  If lunch is not here, let's take a

1    couple minutes to let the court reporter change her

2    paper.  Do you have 12 copies of that transcript?

3         THE DEFENDANT:  No.  I only have 1, 2, 3, 4,

4    5, 6 -- I do.

5         THE COURT:  Six.  So, you would like one copy

6    for each juror, right?

7         THE DEFENDANT:  Yes.

8         THE COURT:  We'll get additional copies made

9    during the break.

10        THE DEFENDANT:  Okay.

11                        (Lunch recess.)

12        THE CLERK:  Dwayne Griffin.

13        THE COURT:  Mr. Griffin, over the lunch break,

14   I had an opportunity to reflect on your request to

15   introduce the transcript of the preliminary hearing

16   which is February 27, 2004.  That's not proper.

17   It's simply not admissible to introduce the entire

18   transcript of that proceeding.  It contains

19   testimony of two witnesses.  It contains the

20   testimony -- or the findings of the Judge.  It's

21   just not proper.

22             So, I will not allow you to do that.  If

23   there's something else you wish to do with regard

24   to the transcript, you can read some sort of

1    stipulation or agreement, I'd be happy to consider

2    that; but it's inadmissible to introduce the

3    transcript.

4        THE DEFENDANT:  I'll appeal it.  I'll appeal

5    it.  This is evidence that's supposed to be given

6    to a jury on my behalf.

7        THE COURT:  Is there a certain portion of the

8    transcript --

9        THE DEFENDANT:  The whole transcript, the

10    whole transcript.  This is evidence, statements

11    that was previously given at a proceeding.

12        THE COURT:  You're seeking -- are you seeking

13    to introduce the testimony of certain witnesses

14    that were given at that hearing?

15        THE DEFENDANT:  The whole transcript.

16        THE COURT:  Well, sir, the whole transcript is

17    not admissible.  If you want to introduce the

18    testimony of the first witness Yvette Nueva, the

19    questions that were asked of her and the answers

20    that were given, and the State has no objection to

21    that, and the testimony of Jose Pagan and the

22    questions and the answers that were given to that,

23    and if the State has no objection, that's another

24    matter; but I'm not going to introduce the entire

1    transcript which includes the Judge's finding of

2    probable cause.

3        THE DEFENDANT:  Well, I'm ready to proceed.

4    They'll get it some kind of way.  I'm ready to

5    proceed.  I'm ready for closing arguments.

6        THE COURT:  And in front of the jury, I'll

7    bring out the jury, I'll ask you if there is any

8    evidence you wish to present at this time, and

9    you're going to indicate that there's no evidence;

10   and then, we'll proceed with closing argument, is

11   that correct?

12       THE DEFENDANT:  No.  I will be telling a lie

13   then.

14       MS. CALLAS:  Judge, I have no objection to the

15   testimony of Ms. Nueva and the testimony of Mr.

16   Pagan from the preliminary hearing transcript going

17   back.  Do you need the finding of Judge?  Do you

18   want the finding of Judge sent back?

19       THE DEFENDANT:  I want it sent back there, the

20   whole transcript.

21       MS. CALLAS:  I have no objection to the whole

22   transcript going back as well.

23       THE COURT:  You're seeking this entire

24   transcript?

1          THE DEFENDANT:  The entire transcript.

2          THE COURT:  Mr. Griffin, you're representing

3     yourself?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And you understand that on appeal,

6     you cannot complain about any information --

7          THE DEFENDANT:  Yes.

8          THE COURT:  -- in this preliminary hearing

9     transcript that goes back to the jury?

10         THE DEFENDANT:  Yes.

11         THE COURT:  And you believe that you're

12    hampered presenting your defense if I do not allow

13    this to go back?

14         THE DEFENDANT:  Yes.

15         THE COURT:  And why is that?

16         THE DEFENDANT:  Because this is evidence.

17    These are statements that was given against me that

18    needs to be addressed to the jury in my behalf.

19         THE COURT:  And you believe these statements

20    are --

21         THE DEFENDANT:  Yes.

22         THE COURT:  -- under oath, you would like them

23    to go back to the jury?

24         THE DEFENDANT:  Yes.

1          THE COURT:  All right.  Okay.  If there's no

2     objection then, and it's your request, and you

3     waive any objections on appeal, then I will allow

4     it to go back.  That's your request, is that right,

5     sir?

6          THE DEFENDANT:  I'm not waiving any requests

7     on appeal, your Honor.  I want this, and I demand

8     it, that they receive it.

9          THE COURT:  Notwithstanding the fact that I

10    told you that it's otherwise inadmissible.

11         THE DEFENDANT:  It's not inadmissible.  It's

12    evidence.  It's statements that were given,

13    previously given.

14         THE COURT:  Notwithstanding the fact that I

15    told you that it's inadmissible, and you will not

16    be able to complain on appeal.

17         THE DEFENDANT:  Can you show me the law where

18    it's inadmissible?

19         THE COURT:  Do you still wish to have this

20    introduced?

21         THE DEFENDANT:  Can you show me the law?

22    These are statements that were given?  Can you

23    please show me in the law?

24         MS. SCHULTZ:  Objection to arguing with you,

1    Judge.

2        THE DEFENDANT:  Can you show me the law?

3        THE COURT:  Do you wish to have this

4    introduced or not?

5        THE DEFENDANT:  Yes, I do.

6        THE COURT:  All right.  You have copies?

7        MS. CALLAS:  Can we have our copy back?

8        THE COURT:  Did we get the copies that he

9    wanted?

10       MS. SCHULTZ:  I don't know.  Did we?  Were the

11   sheriffs going to do that?

12       MS. CALLAS:  Were you guys making copies for

13   them?

14       A DEPUTY:  No, we did not.

15       THE COURT:  We'll send back one copy, and they

16   can all look at it.

17       MS. CALLAS:  They can send back one copy, and

18   they can share it.  There's no need that they each

19   have a copy.

20       THE COURT:  Okay.  That's fine.  We'll bring

21   out the jury.  You can mark that as an exhibit,

22   your next exhibit number, if that's what you wish

23   to do, Defendant's Exhibit, I believe.

24       THE DEFENDANT:  4B, preliminary hearing before

1    Judge Gerald T. Wienicki on February 27, 2004.

2        MS. CALLAS:  Judge, what about the rest of the

3    exhibits?  Did we address that?

4        THE COURT:  No.

5        MS. SCHULTZ:  Should we stop the jury from

6    coming back in?

7        THE COURT:  Let's proceed with this.

8        A DEPUTY:  All rise for the jury.

9            (Whereupon, the following proceedings

10           were had in the presence of the jury:)

11       A DEPUTY:  Jury is present and accounted for.

12       THE COURT:  Thank you.  Please be seated.

13           Before lunch, the State had rested.  At

14   this time, we'll turn to the defendant.  The

15   defendant does not need to present any evidence.

16           Does the defense wish to introduce any

17   evidence at this time?

18       THE DEFENDANT:  Yes.  Your Honor, it's the

19   preliminary hearing.  I have copies for the jury.

20   It's the jury's duty as jurors --

21       THE COURT:  Sir, it's not time for closing

22   arguments.  Do you wish to call any witnesses?

23       THE DEFENDANT:  This is my closing arguments,

24   your Honor.

P - 110

1          THE COURT:  We'll argue in just a moment.  Do

2     you wish to call any witnesses?

3          THE DEFENDANT:  No.

4          THE COURT:  Do you wish to introduce any

5     evidence?

6          THE DEFENDANT:  Yes.

7          THE COURT:  And what do you wish to

8     introduce?

9          THE DEFENDANT:  Preliminary hearing.

10          THE COURT:  You have marked that as an

11     exhibit, sir?

12          THE DEFENDANT:  4B.

13          THE COURT:  You have a copy to tender to the

14     Court?

15          THE DEFENDANT:  Yes.

16          THE COURT:  You're asking that that be

17     admitted into the evidence?

18          THE DEFENDANT:  I had plenty copies made for

19     the jury that they must see.  I have plenty of

20     copies.

21          THE COURT:  How many copies do you have, sir?

22          THE DEFENDANT:  I have 1, 2, 3, 4, 5, 6, 7.

23          THE COURT:  Okay.  They can share them.  We'll

24     make these available to the jury.  Defendant's

1     Exhibit 4.  You're asking that to be introduced

2     into evidence?

3          THE DEFENDANT:  Yes, ma'am.

4          THE COURT:  State, do you have any objection?

5          MS. CALLAS:  No objection.

6          THE COURT:  It will be admitted into evidence.

7          THE DEFENDANT:  Yes, ma'am.

8          THE COURT:  Are you asking for that to be

9     published to the jury?

10         THE DEFENDANT:  Yes.

11         THE COURT:  Do you want them to look at it at

12    this time, or do you want to proceed with

13    argument?

14         THE DEFENDANT:  I want to proceed with

15    argument.

16         THE COURT:  Okay.  Then, we can hold onto

17    them.  We'll publish them at the time that they can

18    go back to the jury.

19         THE DEFENDANT:  Okay.

20         THE COURT:  Any other evidence, Mr. Griffin?

21         THE DEFENDANT:  No, ma'am.

22         THE COURT:  The Defense rests?

23         THE DEFENDANT:  Yes, ma'am.

24         THE COURT:  State, any rebuttal evidence?

1      MS. CALLAS:  People rest in rebuttal, Judge.

2   No rebuttal.

3      THE COURT:  You can have a seat, Mr. Griffin,

4   because the State will go first.

5           You've heard all the evidence in this

6   case.  At this time, the parties have an

7   opportunity to address you in what's called closing

8   arguments.  The State has the burden of proof.  So,

9   they will address you first.  Then, the defendant

10  has an opportunity to address you.  The State has a

11  burden of proof.  So, they also have an opportunity

12  for rebuttal argument after the defendant has

13  argued.

14          So, at this time on behalf of the People,

15  Ms. Schultz.

16     MS. SCHULTZ:  Thank you.

17          We're now at the stage of the jury trial

18  where you are to deliberate.  You are to apply the

19  evidence that you've heard at trial, the exhibits,

20  the testimony to the applicable law.  And Judge

21  Sullivan is going to read you those instructions,

22  and you will have those instructions to review with

23  you when you deliberate.

24          As was told in opening statement, this

1    was a short, simple trial, and so are the jury

2    instructions; but I'd like to review some of those

3    instructions with you so that you know what to

4    apply, what evidence you've heard, to the law.

5           First of all, in order to determine

6    whether or not this defendant is guilty of

7    burglary, you might want to know what the

8    definition of burglary is.  And you're going to get

9    that definition, but I'd just like to read it to

10   you so I can discuss with you the fact that you

11   heard today with that definition.

12          A person commits the offense of burglary

13   when he, without authority, knowingly enters a

14   building or any part thereof with the intent to

15   commit therein the offense of theft.  That's the

16   definition of burglary.

17          But what must the State prove, beyond a

18   reasonable doubt, to find Mr. Griffin guilty of

19   burglary?  And you will also receive an instruction

20   for that.  And that instruction reads, to sustain

21   the charge of burglary by unauthorized entry, the

22   State must proof the following propositions, and

23   there are three propositions.

24          The first, that the defendant knowingly

1    entered a building or any part thereof; and second

2    proposition, that the defendant did so without

3    authority; and third, that the defendant did so

4    with the intent to commit the theft -- to commit

5    therein the offense of theft.

6         If you find from your considerations of

7    all of the evidence that each one of these

8    propositions has been proved beyond a reasonable

9    doubt, then you should find the defendant guilty.

10   If you find from your considerations of all the

11   evidence that any one of these propositions has not

12   been proved beyond a reasonable doubt, you should

13   find the defendant not guilty.

14        In addition to the jury instructions that

15   you have, you will also -- and the facts that were

16   presented, you will have your collective, common

17   life experiences.  And I want you all to use those

18   when you determine whether or not the defendant

19   committed this charge.

20        The State must prove, beyond a reasonable

21   doubt, the defendant committed a burglary.  The

22   State embraces that burden; and in this case, we

23   have conquered that burden with credible evidence

24   from the sworn testimony of three witnesses.  They

1    came here, and they told you what happened.

2              And in judging whether or not they were

3    credible, or whether or not they were believable,

4    you'll be given a jury instruction with respect to

5    that.  And that jury instruction reads, only you

6    are the judges of the believability of the

7    witnesses and of the weight to be given to the

8    testimony of each of them.

9              In considering the testimony of any

10   witness, you may take into his account his ability

11   and opportunity to observe, his memory, his manner

12   while testifying, any interest, bias or prejudice

13   he may have, and the reasonableness of his

14   testimony considered in the light of all the

15   evidence in this case.  We have credible evidence

16   with the testimony.

17             We also have circumstantial evidence, and

18   circumstantial evidence is as strong and is as

19   credible as direct evidence.  And there's a

20   definition of circumstantial evidence, and I'm read

21   the definition, but all I can really say is you

22   know it when you see it.  That's what

23   circumstantial evidence is.  I'll read the

24   definition and try to give you an example of what

1    circumstantial evidence is.

2              Circumstantial evidence is the proof of

3    facts or circumstances which give rise to

4    reasonable inferences of other facts which tend to

5    show the guilt or innocence of a defendant.

6    Circumstantial evidence should be considered by you

7    together with all the other evidence in the case in

8    arriving at your verdict.

9              An example that I can think of

10   circumstantial evidence and is probably appropriate

11   for the weather that we're having today is that

12   maybe when you came to the courthouse this morning,

13   you walked.  Your feet got all full of snow, and

14   there was snow on the ground, and you came to the

15   building.

16             When you leave today when you walk out

17   the building and the sidewalk is clear and there's

18   a man with a shovel there, you'll know he just

19   shoveled the sidewalk.  You didn't see him do it.

20   You don't have any direct evidence that he did it,

21   but you can infer from the evidence, from the clean

22   sidewalk, the fact that he has a shovel, that he,

23   in fact -- his actions were that he shoveled the

24   sidewalk.

1          From all the facts that we have today,

2    you heard today, infer and demonstrate that this

3    defendant went to the Blockbuster, broke the

4    window, took the merchandise, placed some of it in

5    a garbage can, and then was caught by the police

6    officers, and then dropped it.

7          What evidence do we have?  We have the

8    evidence of a Chicago Police Officer who testified

9    credibly.  He was candid.  He was honest.  He was

10   straight forward.  There is nothing on cross

11   examination or direct examination that gave any

12   bias or motive for this defendant -- for this

13   officer to lie, to fabricate.  He was mistaken in

14   his observations that he didn't see what he saw.

15   He just came here, and he told you what happened,

16   what he saw.

17          And what did he see?  He sees the

18   defendant at 4:00 o'clock in the morning next to

19   the window -- a broken window at Blockbuster,

20   hunched over carrying numerous videos standing

21   there looking in the officer's direction, dropped

22   the property and walk away trying to get as far

23   away as he can, removing himself from the scene.

24          The officer testified credibly.  His

1    demeanor.  He was subjected to cross-examination.

2    He just simply told you what happened.

3            This is a simple case, but the fact that

4    a burglary occurred and the videos were recovered

5    should not depreciate the seriousness of the crime,

6    not only to the victims but to society.

7            Burglary is running rampant in our

8    society.  The defendant should be held accountable

9    for his actions.  You just can't go and break a

10   window and take some videos.  Hold the defendant

11   responsible for what we have proved, what we have

12   established.  The defendant was guilty of

13   burglarizing, by reaching into that window and

14   taking those videos, of burglary of the

15   Blockbuster.

16           Thank you.

17       THE COURT:  Mr. Griffin.

18       THE DEFENDANT:  Yes.  Like I told you in the

19   beginning, conspiracy.  They gave true statements.

20   Lies.  They don't remember nothing.  Who did this?

21   When this became missing?  When this became

22   missing?  Back then, I had 5.  Today, we have 30?

23   Back then, it never was told to that Judge, hold

24   it, I got stuff missing at my place.

1          You're going to know because I'm going to

2     tell you whether you are a State's Attorney or

3     whoever you are.  This is what I had missing at my

4     place this day.  When you do an inventory before

5     and after; but now it's 30, but it never was

6     mentioned back then in front of another Judge, and

7     you have statements.

8          No fingerprints?  Hold it.  I dropped the

9     tapes.  He expects you to believe that.  And I just

10    stand there.  Oh, you got me, Officer.  And he's

11    what?  Almost two blocks away?  Wait.  4:30 in the

12    morning.  It's dark outside.  He comes in through

13    the parking lot.  Automatically, he sees me.  Is he

14    telling the truth?  Of course not.

15         And the other witnesses.  They're

16    supposed to be here.  Where did he go?  That's one

17    of the main witnesses.  He up and went to Florida.

18    But they got statements from him of the officers,

19    and they came.  Did they tell the truth?  Of course

20    not.

21         How did this window become broken?  You

22    can't just break a window like that.  If you break

23    it with your hand, your hand will be all cut up.

24    My hands wasn't cut up.  My fingerprints are not on

1    that window.  The window became broken.  Who broke

2    it?  I asked him, how did this window become

3    broken?  I don't know.  Do you know what caused it

4    to be broken?  No.  Well, what do you know?  I

5    don't know anything.  And they came, and they're

6    telling the truth, and they're trained police

7    officers.

8              No.  It doesn't work like that, ladies

9    and gentlemen.  You have a burglary.  That

10   evidence, you don't have it.  We got the right

11   man.  Here go your fingerprints here, sir.  You did

12   it.  We got the tools you used to do it.  Damaged

13   these people's property.  It's a window broke.  Who

14   broke the window?  Nobody knows.  When it became

15   broke, how, and what caused it?

16             Was any evidence, physical evidence?

17   This is a burglary.  Statements ain't going to get

18   it.  This is physical, physical.  We got a

19   burglary.  Things were taken.  Your fingerprints on

20   this, sir.  And here it is.  Here's the evidence to

21   prove it.  You touched these people's property.

22             If you touch any property -- did you go

23   have this stuff analyzed at the technician?  No.

24   What sloppy work they doing.   Sloppy work.  Go get

1    the evidence.  There's no evidence to get.  Not

2    against me.

3            So, what I told you, from the beginning,

4    they picked me up walking.  He said walking away.

5    Walking away?  With tapes, and I dropped them.  And

6    I just stood there waiting on them.  Come arrest

7    me.  Here I am.

8            They think you're from the moon, ladies

9    and gentlemen.  Lies, conspiracy, obstructing.  I

10   asked about the arrest report.  Where's the arrest

11   -- offense arrest report?  I asked the State.

12   They don't know.  Don't nobody know where it's at.

13   They told you the truth?  No.

14           Everyone knows when you are arrested,

15   there's a what?  Arrest report.  And it's filled

16   out.  We got it right here.  Get that.  Get that.

17   Write that down so we can remember everything.

18           This is a burglary.  Damages is done.

19   That's the man that did it, or either, like I told

20   you before, it was an inside job.  Somebody else

21   did it, and they put it on me.  Am I going to be

22   able to stick my hand -- hold it.  I stuck my hand

23   in.  You -- we got you now.  Your fingerprints all

24   over the place.  Your fingerprints are there.

1    We're going to call the technician.  Yeah, that's

2    it.  It matches.  We got him.

3         I stuck my hand inside the window and

4    grabbing stuff inside Blockbuster, grabbing tapes,

5    but I had 5.  He said 1.  Then now, they come with

6    30, but it never was mentioned back then.

7         The preliminary hearing that I'm going to

8    present to you is going to show you, hold it.  Wait

9    a minute.  This never was missing until this.  Why

10   is it being missing?  He really didn't do it.  Just

11   like he said, he was picked up and charged with a

12   crime.

13        There's no what?  Physical evidence.

14   Nothing but statements.  No, it don't work like

15   that.  It doesn't work like that.  That means you

16   can just pick up people like, what's happening, and

17   just give them cases.  You don't need no evidence.

18   No.  Let me see some evidence to prove that this

19   man knowingly entered into Blockbuster and took

20   their property.  Don't just come in here and give

21   us no statements.  If he touched it, let us see the

22   fingerprints.  If you ain't got no fingerprints, he

23   ain't the one.

24        Then, he going to put them in a garbage

1    can?  That's really dumb and stupid of me.  I'm

2    going to put something in a garbage can?  I'm still

3    -- I'm going to put it in the garbage can and then

4    wait right there for the police?  Let's be for

5    real, ladies and gentlemen.  Come on.  You see

6    through it.  It's nothing but a bunch of lies.

7    That's all it is.  Bunch of lies.  That's all it

8    is.

9           I don't have anything to have from you.

10   Did they prove it?  Of course not.  There is no

11   physical evidence to prove their case.  Therefore,

12   the verdict must be -- can't find him guilty.

13   Whoever put this stuff out there, they got away; or

14   either it's an inside job, and he's telling the

15   truth.  He was picked up.  Like the officer said,

16   he was walking away.  Yes, I was walking, but where

17   he put me and placed me never was there, and he

18   pulls in.

19        MS. CALLAS:  Objection.

20        THE COURT:  Sustained.

21        THE DEFENDANT:  And he's heading west, but

22   this place is east, and he was kindly and he

23   remembers everything?  No.  The arrest report, you

24   got it.  Sit right down, sir.  We got you.  I wrote

1    everything what I can remember.  There's no what?

2    Arrest report.  That's officer's report.  Whenever

3    someone is arrested, that's their arrest report

4    because we're going to look at it.  Yeah, that's

5    him.  His fingerprints.  The officer wrote down

6    fingerprint.  We see this evidence.  Yeah, it's

7    him.  He's guilty.  He's guilty beyond a reasonable

8    doubt.

9          Not guilty.  Not guilty, and say, he

10    ain't the one.  The man is telling the truth.  He

11    didn't do it.  They picked him up, and he's telling

12    the truth.

13          The main man is not here.  They let him

14    go to Florida.  Florida?  Sir, you just gave

15    statements against me that can send me to prison.

16    Oh, he went to Florida.  No.  Bring him back here.

17    I asked Officer Lee.  She took a statement from

18    him.  Where is he at?  He's gone to Florida.  No.

19    You do a burglary.  We got you, got your

20    fingerprints.  We know you broke the window.

21    Here's what you used right here, sir, and your

22    fingerprints is on the what?  Object that you

23    used.

24          Ladies and gentlemen, your verdict should

1    be not guilty.  You're doing the right thing.  They

2    haven't proven their case.  Nothing, but what?

3    Statements and physical evidence because we have a

4    place that's been what?  Damaged.  No one knows

5    where and how it became done.  Trained police

6    officers, nine years, two years.  You went to the

7    academy.  You don't know?  Well, it wasn't called

8    the technician.  Wait a minute.  What sloppy work

9    you doing?

10           Call the people so we can get the right

11   person, not just pick up anybody.  Now, we ain't

12   got no evidence.  Now, he's going to go to court.

13   Now, you're going to be -- you're lying on the

14   man.  If he did it, you'd have that evidence.  Not

15   guilty.  Not guilty.

16           Defense rests.

17        THE COURT:  Thank you, Mr. Griffin.

18           In rebuttal, Ms. Callas?

19        MS. CALLAS:  Ladies and gentlemen, this is not

20   a who done it at all.  We didn't need fingerprints

21   in this case because we had something better.  We

22   had a face print of him because the officer comes

23   up on him, and he's standing outside the window

24   with a bunch of tapes in his hands.

1          You see how many are here.  Perhaps, if

2     you've been to a Blockbuster before, there are

3     fingerprints from many, many people on these

4     tapes.  It would have been impractical to

5     fingerprint all of these tapes.  There are a lot of

6     cases where people have met their burden without

7     fingerprints.  You don't have them in every case.

8          But the statements that the defendant

9     keeps referring to which is the testimony that you

10    heard in this case, that testimony from all of the

11    witnesses, that's evidence.  That's direct

12    evidence.  What they testify to, that is evidence.

13         The charge of burglary is entered with

14    the intent to commit theft, entered.  We don't even

15    have to show that he broke the window, but we

16    submit to you that he did because the window was

17    broke, and he's right there.

18         And why would he put tapes in a garbage

19    bag?  I will submit, it would be a little hard

20    carrying all of these in your hand, got to put them

21    somewhere.  Oh, here, a garbage bag.  It's empty.

22    I can use it.  He was caught when he was coming

23    back for more because he couldn't stop.

24         As far as the testimony of arrest reports

1    in this and that and the other, the officers

2    testified they made a report with regards to this

3    defendant.  They made a case report with regards to

4    this defendant.  The issue about the two separate

5    kinds.  Chicago Police Department is in the process

6    of going electronic.  That's why they were

7    different reports.

8         But the evidence here was very credible.

9    Nobody lied.  There was no impeachment.  With

10   regard to Ms. Nueva, she said she told somebody at

11   the preliminary hearing about the number of tapes

12   that were missing.  You're going to get the

13   preliminary hearing transcript.  It's not mentioned

14   in there.  Why?  She wasn't asked.  That's not a

15   trial, the transcripts you're getting.  That's a

16   preliminary hearing, a different proceeding.  This

17   is the trial.  This is where all of the testimony

18   regarding the entire incident is put forth.  This

19   is what you were told here today.

20        But it's up to you to judge the

21   credibility, and we believe that all of the

22   witnesses testified quite credibly as to what

23   happened.  This defendant went up.  He saw, you'll

24   get the pictures, through the glass window that

1    there were tapes in there.  He busted out the one

2    next to it, and he was pulling out tapes, and he

3    was taking them, and these are them.

4           We ask that you take three things back

5    with you into the jury room, just three.  Evidence

6    you heard in this case, the law that the Judge is

7    going to instruct you with, and your common sense.

8    What does your common sense tell you?  At 4:30 in

9    the morning, this is the only guy standing outside

10   the window with all these tapes in his hand?  Tells

11   you he was getting a burglary, tells you he was

12   stealing.

13          We'd ask that, based on everything that

14   you heard here, that you find him guilty of the

15   offense of burglary.  Thank you.

16      THE COURT:  Thank you.

17          At this time, I will read to you the

18   Court's instructions on the law that you are to

19   apply to the case, and a copy of these instructions

20   will accompany you into the jury room.

21          Members of the jury, the evidence and

22   arguments in this case have been completed, and I

23   now will instruct you as to the law.  The law that

24   applies to this case as stated in these

1    instructions, and it is your duty to follow all of

2    them.   You must not single out certain instructions

3    and disregard others.   When I use the word he in

4    these instructions, I mean a male or a female.

5         It is your duty to determine the facts

6    and to determine them only from the evidence in

7    this case.   You are to apply the law to the facts

8    and in this way decide the case.   Neither sympathy

9    nor prejudice should influence you.   You should not

10   be influenced by any person's race, color, religion

11   or national ancestry.

12        From time to time, it has been the duty

13   of the Court to rule on the admissibility of the

14   evidence.   You should not concern yourselves with

15   the reasons for these rulings.   You should

16   disregard questions and exhibits which were

17   withdrawn or to which objections were sustained.

18        Any evidence that was received for a

19   limited purpose should not be considered by you for

20   any other purpose.   You should disregard testimony

21   and exhibits which the Court has refused or

22   stricken.

23        The evidence which you should consider

24   consists only of the testimony of the witnesses and

1    the exhibits which the Court has received.  You

2    should consider all the evidence in the light of

3    your own observations and experience in life.

4         Neither by these instructions nor by any

5    ruling or remark which I have made do I mean to

6    indicate any opinion as to the facts or as to what

7    your verdict should be.

8         Faithful performance by you of your

9    duties as jurors is vital to the administration of

10   justice.  Only you are the judges of the

11   believability of the witnesses and of the weight to

12   be given to the testimony of each of them. In

13   considering the testimony of any witness, you may

14   have take into account his ability and opportunity

15   to observe, his memory, his manner while

16   testifying, any interest, bias, or prejudice he may

17   have, and the reasonableness of his testimony

18   considered in the light of all the evidence in the

19   case.

20        Opening statements are made by the

21   attorneys to acquaint you with the facts they

22   expect to prove.  Closing arguments are made by the

23   attorneys to discuss the facts and circumstances in

24   the case and should be confined to the evidence and

1    to reasonable inferences to be drawn from the

2    evidence.   Neither opening statements nor closing

3    arguments are evidence, and any statement or

4    argument made by the attorneys which is not based

5    on the evidence should be disregarded.

6            Those of you who took notes during trial

7    may use your notes to refresh your memory during

8    jury deliberations.   Each juror should rely upon

9    his or her recollection of the evidence.   Just

10   because a juror has taken notes does not

11   necessarily mean that his or her recollection of

12   the evidence is any better or more accurate than

13   the recollection of a juror who did not take

14   notes.

15           When you are discharged from further

16   service in this case, your notes will be collected

17   by the deputy and destroyed.   Throughout that

18   process, your notes will remain confidential, and

19   no one will be allowed to see them.

20           The defendant is charged with the offense

21   of burglary.   The defendant has pleaded not

22   guilty.

23           The charge against the defendant in this

24   case is contained in a document called the

1    Information.  This document is the formal method of

2    charging the defendant and placing the defendant on

3    trial.  It is not any evidence against the

4    defendant.

5         The defendant is presumed to be innocent

6    of the charges against him.  This presumption

7    remains with him throughout every stage of the

8    trial and during your deliberations on the verdict

9    and is not overcome unless, from all the evidence

10   in the case, you are convinced, beyond a reasonable

11   doubt, that he is guilty.

12        The State has the burden of proving the

13   defendant guilty beyond a reasonable doubt, and

14   this burden remains on the case throughout the

15   case.  The defendant is not required to prove his

16   innocence.

17        Circumstantial evidence is the proof of

18   facts or circumstances which give rise to a

19   reasonable inference of other facts which tend to

20   show the guilt or innocence of the defendant.

21   Circumstantial evidence should be considered by you

22   together with all the other evidence in the case in

23   arriving at your verdict.

24        A person commits the offense of burglary

1    when he, without authority, knowingly enters a

2    building or any part thereof with intent to commit

3    therein the offense of theft.

4             To sustain the charge of burglary by

5    unauthorized entry, the State must prove the

6    following propositions.  First proposition, that

7    the defendant knowingly entered a building or any

8    part thereof.  And second proposition, that the

9    defendant did so without authority.  And third

10   proposition, that the defendant did so with intent

11   to commit therein the offense of theft.

12            If you find from your consideration of

13   all the evidence that each one of these

14   propositions has been proved beyond a reasonable

15   doubt, you should find the defendant guilty.  If

16   you find from your consideration of all the

17   evidence that any one of these propositions has not

18   been proved beyond a reasonable doubt, you should

19   find the defendant not guilty.

20            When you retire to the jury room, you

21   will first elect one of your members as your

22   foreperson.  He or she will preside during your

23   deliberations on your verdict.  Your agreement on a

24   verdict must be unanimous.  Your verdict must be in

1     writing and signed by all of you, including your

2     foreperson.

3            The defendant is charged with the offense

4     of burglary.  You will receive two forms of

5     verdict.  You will be provided with both a not

6     guilty and guilty form of verdict.  From these two

7     verdict forms, you should select the one verdict

8     form that reflects your verdict and sign it as I

9     have stated.  Do not write on the other verdict

10    forms.  Sign only one verdict form.

11           And the first verdict form, we, the jury,

12    find the defendant Dwayne Griffin not guilty of

13    burglary, and there's twelve lines, first line

14    indicating for the foreperson.

15           And the second verdict form reads, we,

16    the jury, find the defendant Dwayne Griffin guilty

17    of burglary; and again, there's lines with the

18    first line indicating for the foreperson.

19           At this time, I'm going to ask that the

20    deputies be sworn in to watch over the jurors

21    during their deliberations.

22           (Deputies sworn.)

23      THE COURT:  And I'm going to ask that the

24    alternate jurors first go into the jury room and

1    get their belongings and come into the courtroom.

2    The three alternates are Joseph Eichinger and Beth

3    Augustine and Daniel Crove.  The three of you would

4    go with the deputy and get your belongings.

5              (Whereupon, alternate jurors left the

6                   courtroom and then returned.)

7         THE COURT:  Will the alternates wait in the

8    middle of the courtroom, and the 12 jurors could

9    retire to the jury room?  We'll send back the

10   exhibits in just a moment.

11        A DEPUTY:  All rise for the jury.

12        THE COURT:  Here's the instructions

13             (Whereupon, the jury left the courtroom

14                  to begin deliberations.)

15        THE COURT:  At this time, I'm going to have

16   the three alternates remain until the jury has

17   reached a verdict.  You're alternate jurors.  So,

18   you're not involved in the deliberation process.  I

19   ask that you not discuss the case in the event that

20   you're needed to fill in for a juror.  There's room

21   down in the jury room downstairs?  I think it's

22   more comfortable if you wait down in the jury

23   room.  If you want to just have a seat in the jury

24   box, in just a moment, we'll call down there and

1    see if they can find a comfortable place for you to

2    stay.

3            You need the other exhibits?  Mr.

4    Griffin, I have your exhibit.

5        MS. SCHULTZ:  We have three photographs and

6    the tapes.  Mr. Brown is going to walk down to the

7    jury room.  These are the exhibits that go back.

8        A DEPUTY:  The tapes go back.

9        THE COURT:  The preliminary hearing, the tapes

10   and the photos.

11           (The above-entitled cause was passed

12               and later recalled.)

13       THE COURT:  I understand the jurors indicated

14   they have a verdict.

15       A DEPUTY:  Yes, they do.  Are you ready?

16       THE COURT:  Yes.  We're ready for the jury.

17           (Whereupon, the jury entered the

18               courtroom, after which the following

19               proceedings were had:)

20       THE COURT:  Please be seated.  Has the jury

21   reached a verdict?

22       THE FOREPERSON:  Yes.

23       THE COURT:  And the foreperson would hand the

24   verdict to the deputy, please?  And I'll ask the

1    clerk to read the verdict in open court.

2         THE CLERK:  We, the jury, find the defendant

3    Dwayne Griffin guilty of burglary.

4         THE COURT:  I'm going to ask the clerk to poll

5    the jury at this time.

6         THE CLERK:  Annette Dariano, was this then and

7    is this now your verdict?

8         JUROR DARIANO:  Yes, it is.

9         THE CLERK:  America Farah, was this then and

10   is this now your verdict?

11        JUROR FARAH:  Yes, it is.

12        THE CLERK:  Layla Toma, (phonetic), was this

13   then and is this now your verdict?

14        JUROR TOMA:  Yes.

15        THE CLERK:  Jung Kim, was this then and is

16   this now your verdict?

17        JUROR KIM:  Yes.

18        THE CLERK:  Sidney Weiner, was this then and

19   is this now your verdict?

20        JUROR WEINER:  Yes.

21        THE CLERK:  Carlyle Rex Walker, was this then

22   and is this now your verdict?

23        JUROR WALKER:  Yes.

24        THE CLERK:  Kimberly Condin, was this then and

1    is this now your verdict?

2        JUROR CONDIN:  Yes.

3        THE CLERK:  Frank Patsky, was this then and is

4    this now your verdict?

5        JUROR PATSKY: Yes.

6        THE CLERK:  Brian Magouta, (phonetic), was

7    this then and is this now your verdict?

8        JUROR MAGOUTA:  Yes.

9        THE CLERK:  Steven Foster, was this then and

10    is this now your verdict?

11        JUROR FOSTER:  Yes.

12        THE CLERK:  Cynthia Nolan, was this then and

13    is this now your verdict?

14        JUROR NOLAN:  Yes.

15        THE CLERK:  Ted Cadammo, (phonetic), was this

16    then and is this now your verdict?

17        JUROR CADAMMO:  Yes.

18        THE COURT:  Ladies and gentlemen, that

19    completes your jury service, for you as well as the

20    three alternates who were waiting.  And I truly

21    want to thank you for your service on this case.

22    Yesterday, I was very nervous about having you

23    here, given the weather conditions, and I was

24    worried about you last night going home, and coming

1    here this morning.  And you were all here

2    promptly.  I was most impressed.  So, I thank you

3    all for your service.

4            I hope you appreciate this opportunity to

5    serve our country in the form of jury service.  You

6    are dismissed.  I do have certificate of jury

7    service as well as the deputies have the paper that

8    was made for you.  So, thank you very much.  You're

9    excused at this time.

10        A DEPUTY:  All rise for the jury.

11            (Jury dismissed, after which the

12            following proceedings were had:)

13    MS. CALLAS:  Judge, at this time, we're going

14    to ask that the defendant's bond be revoked.

15    THE COURT:  Judgment will be entered on the

16    verdict, and bond will be revoked.  We'll order a

17    presentence investigation, and we'll set it over

18    for a date for post-trial motions and sentencing.

19    How is February 4th?

20        MS. CALLAS:  Fine.

21            (The above-entitled cause was

22            continued to February 4, 2005.)

23

24

```
1    STATE OF ILLINOIS    )

2                         )   SS.

3    COUNTY OF C O O K    )

4

5                    I, MARIETTA DELPRETO, CSR 84-1328,

6    Official Court Reporter of the Circuit Court of

7    Cook County, County Department-Criminal Division,

8    do hereby certify that I reported the proceedings

9    had in the above-entitled cause, that I thereafter

10   proceeded to transcribe the foregoing transcript,

11   which I hereby certify is a true and correct

12   transcript of the Report of Proceedings.

13

14

15

16

17

18

19                    MARIETTA DELPRETO,

20                    Official Court Reporter

21

22

23   Dated this   2nd   day

24   of   June,   2005.
```

```
1                           INDEX

2

3      People vs. Dwayne Griffin

4      February 4, 2005

5      Sentencing Page  Q1-Q7

6      Reporter Certificate  Q8

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
```