Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOAN B. GOTTSCHALL | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 939 | DATE | MAR 1 4 2008 |
| CASE TITLE | Dwayne Griffin (N-03392) v. Richard Devine | | |

**DOCKET ENTRY TEXT:**

Plaintiff's inmate trust fund statement [4] is construed to be a motion for leave to file *in forma pauperis* and is denied pursuant to 28 U.S.C. § 1915(g). This action is summarily dismissed for failure of Plaintiff to advise the Court that three of his previous cases have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Having brought this action, Plaintiff nevertheless remains obligated to pay the full filing fee of $350. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. The Clerk is directed to send a copy of this order to the trust fund officer at Western Illinois Correctional Center. All pending motions, including Plaintiff's motion for the appointment of counsel [3], are denied.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Dwayne Griffin, an inmate at Western Illinois Correctional Center, has brought this *pro se* action, naming numerous defendants and asserting numerous grounds of misconduct with his prosecution in 2004 and 2005. Plaintiff filed an inmate trust fund statement, which the Court construes as a motion to proceed *in forma pauperis*; however, the Court denies the motion because Plaintiff has accumulated at least three "strikes."

The Prison Litigation Reform Act of 1995 (PLRA), enacted on April 26, 1996, provides that a prisoner may not bring a civil action or appeal a civil judgment under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

At least three of Plaintiff's previous actions have been dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Griffin v. Sheahan*, 98-cv-3670 (N.D. Ill. June 22, 1998); *Griffin v. Sheahan*, 05-cv-6763 (N.D. Ill. Dec. 19, 2005); *Griffin v. Psexico*, 06-cv-2566 (N.D. Ill. June 2, 2006). The Court of Appeals for the Seventh Circuit in fact advised Plaintiff that he is not permitted to proceed *in forma pauperis* under 28 U.S.C. § 1915(g). *See Griffin v. Blagojevich*, No. 07-2908 (7th Cir. Dec. 18, 2007); *Griffin v. Blagojevich*, No. 07-3085 (7th Cir. Dec. 18, 2007). Plaintiff has sought leave to proceed *in forma pauperis* without disclosing his § 1915(g) status to the Court. Plaintiff's effective "fraud" on the Court must "lead to immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Accordingly, this action is dismissed with prejudice.

However, having brought this action, Plaintiff remains obligated to pay the full filing fee of $350. *See* 28 U.S.C. §1915(b)(1); *Sloan*, 181 F.3d at 859. Before pursuing any future litigation, Plaintiff must pay any outstanding fees. *Id.*

| | Courtroom Deputy Initials: | isk |
|---|---|---|